103   331
194   579

## Koecker *versus* Fidelity Trust, &c. Company.

1. Where judgment has been obtained on a scire facias sur mortgage, and the case has been removed to the supreme court by writ of error, bail must be entered in double the amount of the judgment recovered, in order that the writ may operate as a supersedeas of execution.

2. Hosie *v.* Gray, 23 P. F. Smith 502, explained and distinguished.

April 14th 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

IN the Supreme Court of Pennsylvania : Of January Term 1883, No. 403.

This was an appeal by the Fidelity Insurance, Trust and Safe Deposit Company, from the decision of the prothonotary of the supreme court dismissing exceptions filed to bail in error.

The action in the court below was begun by a scire facias sur mortgage made by Joseph D. Koecker.   Judgment was recovered thereon by the Fidelity Insurance, &c. Co. for $4,126, for want of a sufficient affidavit of defence.   A writ of error was then taken by said Koecker, and bail entered with two sureties in the amount of only $4,500, instead of double the amount of the judgment as provided by rule of court IV.

Defendants in error excepted to the recognizance as insufficient in amount, and also to the sureties therein, but the prothonotary held, upon the authority of Hosie *v.* Gray (23 Smith, 502), that security for costs is all that is necessary to render a writ of error a supersedeas, where the judgment is obtained upon a scire facias sur mortgage.   He therefore dismissed the exceptions without calling on the bail to justify.

Defendants in error thereupon took this appeal.

*John Marshall Gest*, for appellants.—The Act of Assembly providing for bail in error is general in its terms, applying to "any judgment in any civil action or proceeding."   Act June 16th 1836, § 7 (P. L. 762, Purd. 605).   And Rule of Court IV. provides that the recognizance shall be in double the amount of the judgment.   The case of Hosie *v.* Gray (23 Smith, 502), is not an authority for the prothonotary's decision, for in that case the mortgage expressly provided that there should be no personal liability on the part of the mortgagors, and that "the lien and collection of the purchase-money shall be limited and restricted to the property covered

[Koecker *v.* Fidelity Trust, &c. Co.]

by and included in the mortgage." This amounted to an express waiver of any other security for the payment of the mortgage-debt than the land itself. The mortgagee, therefore, had no right to require bail in error conditioned for the payment of that debt. The point has been expressly decided by the supreme court as lately as 1877. Admitting Hosie *v.* Gray to be an authority, it has been overruled: Brown *v.* Lovrein, 4 Weekly Notes 538.

The practice has been uniform in the county courts of Philadelphia, to require the usual recognizance in order for the writ of error to operate as a supersedeas in such cases. It was so expressly decided in Leach *v.* Bonsall, 1 Weekly Notes 7; McLean *v.* Mann, 1 Id. 62; McCurdy *v.* Leslie, 2 Id. 381; in which cases Hosie *v.* Gray was cited and relied on by counsel, but held inapplicable by the court.

*James F. Lynd,* contra.—A judgment obtained on a mortgage is a judgment in rem, and its collection is properly limited to the land covered by the mortgage. Moreover the mortgagee, by taking the mortgage, has shown himself satisfied with the land as security for his debt. We rely on Hosie *v.* Gray (23 Smith, 502), as authority for the prothonotary's ruling. The case decided, upon general principles, that security for costs alone is sufficient.

The opinion of the court was filed April 23d 1883.

PER CURIAM. It is true Hosie *v.* Gray, 23 P. F. Smith 502, does rule, that the recognizance of bail in error, where the proceedings were by scire facias on a mortgage, need not be in double the amount of the judgment. The mortgage, however, in that case stipulated that " the lien and collection of the purchase-money shall be limited and restricted to the property covered by, and included in, the mortgage." It was, therefore, not only a proceeding in rem, but no other remedy could be invoked. There was no personal liability. The present case shows no such limited and restricted liability. It does not appear that other property may not be made liable for the debt secured by the mortgage. Then, under the authority of Brown *v.* Lovrein, 4 Weekly Notes 538, due regard must be had to the sum recovered, as in a personal action. It was there said, " prior liens, fire or failure of title, may make the delay a serious injury." Be that as it may, we think the distinction, when the collection is restricted to the mortgaged property alone, rests on a substantial basis, and should be recognized in determining the sum for which the recognizance should be taken.

In the present case, Rule IV. of this court, requiring the

sum to be in double the amount recovered applies, and the prothonotary erred in holding otherwise.

> And now, April 23d 1883, decision reversed at the costs of the appellee. It is further ordered that unless the plaintiff in error, within ten days, enter into recognizance with sureties, to be approved by the prothonotary, in double the sum recovered, the writ of error shall not operate as a stay or supersedeas of execution.