## Hosie *versus* Gray.

## Same *versus* Same.

73　502
o194 579

1. Where recognisance of bail in error is defectively taken in the court below, the prothonotary of the Supreme Court may correct it by taking a new recognisance in the form prescribed by the Act of Assembly.

2. Where the proceedings were by scire facias on a mortgage, the amount of bail need not be in double the amount of the verdict, but in a sum sufficient to cover the costs.

Error to the Court of Common Pleas of *Schuylkill county*: No. 290, to January Term 1871.

This was a question under a recognisance of bail in error in the case of Hosie *v.* Gray, reported in 21 P. F. Smith 198. It was heard, February 21st 1871, before J. Ross Snowden, LL.D., the prothonotary of the Supreme Court for the Eastern District, upon exceptions to the recognisances, and is here reported at the request of members of the bar as deciding an interesting question of practice.

The report has been prepared by Mr. Snowden.

*G. E. Farquhar*, for plaintiffs in error, cited Wickersham *v.* Fetrow, 5 Barr 260.

*G. De B. Keim*, for defendants in error.

The Prothonotary filed the following opinion :—

The exceptions in these cases are of a twofold character. 1st, As to the form of the recognisances which are alleged to be defective; 2d, As to the sum named in the recognisances which exceptants contend should be in double the amounts of the verdicts and judgments in the court below.

1. On an examination of the recognisances taken by the prothonotary of the court below, I find that they are not in the precise form prescribed by the Act of Assembly; but as the plaintiffs in error propose to correct the mistake by entering into new recognisances before me in the form prescribed by law, I will allow the same to be done.

2. The proceedings in the court below were founded on mortgages, and were commenced by writs of scire facias. The proceedings are *in rem* and not *in personam*. Moreover, in the mortgages there is an express agreement between the parties that there shall be no personal liability on the part of the mortgagors, and that "the lien and collection of the purchase-money shall be limited and restricted to the property covered by and included in the mortgages." The property therein mentioned must be responsive to the judgments. I am therefore of opinion that the recog-

[Hosie *v.* Grey.]

nisances need not be in sums double the amount of the money judgments, but only in sums sufficient to pay the costs which may accrue, or be adjudged as accruing in these cases; and for this responsibility I deem the sum of $200 amply sufficient. I have therefore permitted recognisances in the form prescribed by law (sect. 7, Act of June 16th 1836, Pamph. L. 762), to be entered into, with sureties who have *justified* before me in each case in the sum above named.

February 21st 1871. On motion of *L. Hakes* and *G. De B. Keim,* Esqs., for defendants in error, a rule was granted on plaintiff in error to show cause why the bail in the recognisances in these cases, should not be increased so as to conform to the Act of Assembly and the rules of the Supreme Court, or in default thereof that the said defendants in error may issue an alias levari facias. Rule returnable March 11th 1871.

March 11th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Sur motion to increase bail in error, argued by *L. Hakes* and Hon. *G. W. Woodward,* for the rule; and by *Geo. E. Farquhar* and Hon. *F. W. Hughes,* contrà.

PER CURIAM.—The motion is refused, and the decision of the prothonotary sustained.