## Breckwoldt, Appellant, *v.* Morris et al.

*Married women—Judgment—Impeaching by showing coverture—Trespass —Constable.*

A judgment of a court of competent jurisdiction, in which the defendant has been duly served with process, and which is perfectly regular and valid on its face, cannot be impeached in a collateral proceeding by showing that the defendant was a married woman.

Where execution has been issued on a judgment obtained before a justice of the peace, whose record does not disclose the fact that the defendant is a married woman, and the property of the defendant seized and sold to one of the plaintiffs, the defendant cannot maintain trespass against the purchaser and the constable.

Argued May 2, 1892.   Appeal, No. 102, July T., 1891, by plaintiff, Margaret Breckwoldt, from judgment of C. P. Warren Co., for defendants, Clinton S. Morris and W. C. Beardsley, n. o. v.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass for seizing and removing personal property.

On trial before NOYES, P. J., the plaintiff presented the following point:

"That the judgment given in evidence of Morris & Neill v. J. A. Breckwoldt and Margaret Breckwoldt, is void as to said Margaret Breckwoldt, the wife of said J. A. Breckwoldt, and that the sale of her property under and by virtue of it is a nullity and conferred no title on the purchaser."

*Answer.* "Question presented by the point, reserved."

The record of the justice in this suit, in which the execution issued, was headed:

"Morris & Neill v. J. A. Breckwoldt and Margaret Breckwoldt. Civil suit summons, issued Sept. 29, 1890, to W. C. Beardsley, constable."

It stated that plaintiffs' claim was for " Groceries for their family furnished, " etc.

Defendants' 1st point and the answer thereto were as follows :

" 1. The judgment in evidence in which Morris & Neill are plaintiffs, and J. A. Breckwoldt and Margaret Breckwoldt are defendants, is a valid judgment, and the execution issued thereon gave the constable a right to sell the property levied upon."

" *Answer.* Question presented in first point reserved, it being conceded for the purposes of this case that Margaret Breckwoldt at the time of the suit brought and judgment rendered was a married woman."

The court left it for the jury to determine the value of the property, and whether it belonged to the plaintiff, saying : " We . . . . will reserve the question raised by these points, whether the defendants, in view of the fact that Margaret Breckwoldt was married at the time the suit was brought and judgment rendered, were justified in taking her property under this judgment and execution."

The jury found for the plaintiff in the sum of $154.50. The court subsequently entered judgment for the defendants on the point reserved, in the following opinion by Noyes, P. J.

" This is an action of trespass for seizing and removing the personal property of the plaintiff. The defendants, one of whom is the constable, and the other the purchaser of the goods at a constable's sale, and one of the plaintiffs in the writ, gave in evidence, as justification, a judgment before a justice against the present plaintiff and execution issued thereon, both regular on their face. The plaintiff proved, and it was conceded on the trial, that she was at the time of the suit before the justice, and the issuing of the writ, a married woman. The question reserved is whether, in view of this conceded fact, the record of the justice, which does not disclose the coverture of the defendant therein on its face, is a good justification. In other words, whether its apparent validity may be destroyed by parol evidence of the coverture of the defendant, Margaret Breckwoldt.

" The general rule undoubtedly is, as contended by the defendants, that a judgment of a court of competent jurisdiction cannot be collaterally impeached, unless for fraud or collusion : McDonald v. Simcox, 98 Pa. 619; Cramer v. Wellendorf, 129

Pa. 547.    Even when the judgment is void, if the execution be apparently valid on its face, both the plaintiff and the constable may justify under it, when sued in trespass, unless it has been set aside or vacated before suit brought : 1 T. & H. Pr. 1074–5–6 ; Day v. Sharp, 4 Wh. 341.   The writ in this case being perfectly regular on its face, the constable was not only not required to look beyond it, but bound to execute it, and it is well settled that he is protected in so doing by the express provisions of the act of March 21, 1772, § 6, 1 Purd. 322, pl. 38 ; Jones v. Hughes, 5 S. & R. 302 ; Kerlin v. Heacock, 3 Binn. 215 ; Barr v. Boyles, 96 Pa. 31.

" As to the defendant, Morris, it is argued, that the judgment being against a married woman, was not voidable, but void. That a void judgment needs no reversal to set it aside, and its invalidity may be shown collaterally.   That a judgment against a married woman is void, unless the record shows that the cause of action is within some exception to her general incapacity to make contracts, has been both incidentally declared and solemnly decided in many cases : Dorrance v. Scott, 3 Wh. 309 ; Caldwell v. Walters, 18 Pa. 79 ; Keen v. Coleman, 39 Pa. 299 ; Baker v. Singer Mfg. Co., 122 Id. 363 ; Shryock v. Buckman, 121 Id. 249 ; Real Est. Co. v. Roop, 132 Id. 496 ; Swayne v. Lyon, 67 Pa. 441 ; Hecker v. Haak, 7 Norris, 238.   Where the judgment is directly attacked by motion to strike off, writ of error, or certiorari, the coverture may doubtless be proved aliunde, though the woman be sued as sole, and her coverture be not pleaded : Knox v. Flack, 22 Pa. 337 ; 4 H. & N. 695 ; Moses v. Richardson, 8 B. & C. 421.

" Where the judgment is entered upon confession upon a bond and warrant of attorney, the coverture may be shown in a collateral proceeding, and, unless the bond and warrant are shown to have been executed under circumstances which give them validity, notwithstanding the coverture, the judgment will be treated as wholly void : Dorrance v. Scott, case cited supra ; Hamilton v. Baum, 4 Cent. R. 708.   The jurisdiction of the court to render any judgment in such cases rests upon the warrant of attorney.   If there be none, or what is the same thing, if what purports to be such warrant is in law a nullity, the entire proceeding is void.

" So judgments, which show upon their face that a married

woman is intended to be charged, and do not show legal grounds for the liability, have been repeatedly held to be entirely void: Hecker v. Haak, supra; Gould v. McFall, 111 Pa. 66; Hugus v. Glass Co., 96 Id. 160; Swayne v. Lyon, supra. The question remains, may a judgment of a court of competent jurisdiction, in which the defendant has been duly served with process, and perfectly regular and valid on its face, be impeached in a collateral proceeding, by showing that the defendant was a married woman?

" A mortgage given by a married woman without her husband is absolutely void, yet a judgment against her on scire facias issued thereon, unreversed, is valid, and cannot be collaterally questioned: Hartman v. Ogborn, 54 Pa. 120; Butterfield's Ap., 77 Id. 197; Michaelis v. Brawley, 109 Id. 7.

" A mechanic's lien, entered against the land of a married woman, is void unless it shows upon its face that the special facts exist which render the land liable: Dearie v. Martin, 78 Pa. 55. Yet a judgment on scire facias upon such a claim is valid until reversed, and a purchaser upon levari facias gets a good title: Shryock v. Buckman, 121 Pa. 248. These cases, however, are all proceedings in rem. The opinions carefully distinguish them from actions in personam, and cite and approve the cases in which personal judgments against married women have been permitted to be collaterally impugned.

" In Shryock v. Buckman, supra, Mr. Justice CLARK says: ' The general principle is that a judgment of a court of competent jurisdiction cannot be questioned collaterally unless for covin or collusion: Postens v. Postens, 3 W. & S. 127. Such a judgment is conclusive of every fact on which it must necessarily have been founded: Farrington v. Woodward, 82 Pa. 259. Judgments in personam against married women, however, except under very special circumstances appearing upon record, or where they are for purchase money of real estate, have, on grounds of public policy, been declared void, although the fact of coverture may not be disclosed in the record, and a sale of her real estate therein will confer no title. But that policy has never yet been extended to a sale of real estate upon a judgment regularly entered on proceedings in rem, against a defendant, who, dehors the record only, is shown to have been a married woman.'

" As it is said by Mr. Justice CLARK, the rule which permits a judgment against a married woman to be collaterally attacked is in derogation of the general rule, and rests upon considerations of public policy. The married woman is in contemplation of law under the dominion and control of her husband. Her neglect to defend a suit brought against her is not to be taken as conclusive against her.

" But the cases have not yet gone so far as to protect married women to the injury and great inconvenience of the public.

" When a judgment rests upon a warrant of attorney, he who relies upon it has notice that he must inquire as to its validity. When the coverture of the defendant is disclosed by the record, all persons are warned that no judgment can bind her unless certain facts appear. But when the court has jurisdiction of the person, the record gives no warning of the coverture, and the court gives judgment, it would be hard, indeed, if one who purchases property, relying upon such a record, should have his title shriveled to ashes by the testimony of witnesses to a fact which he did not suspect, and which might have been, but was not, set up as a defence to the claim before judgment.

" The law cannot protect a married woman unless in some way, and at some time, she claims her privilege. Our question is narrowed to this : Must she set up her coverture in the original case, or by some proceeding attacking the judgment directly, or may she set it up wherever and whenever the judgment comes in question ? When, to a claim against a woman as sole, coverture is pleaded, the plaintiff may reply the facts which show her liability, notwithstanding coverture : 1 Chitty Pleading, 449 ; Mahon v. Gormley, 24 Pa. 83 ; Murray v. Keyes, 35 Id. 384 ; Ramborger's Admr's v. Ingraham, 38 Id. 146 ; Hamilton v. Baum, 4 Cent. R. 708.

" If coverture may be collaterally shown to defeat a judgment, good on its face, it may be denied, or special facts shown in reply to sustain it, for the judgment must be good against collateral attack, if it would be good when directly assailed. The verdict in this case would be conclusive only here. Upon a direct proceeding the judgment might be sustained, although in this it was declared void. We think that public policy requires that the questions of coverture and special liability should be tried and determined like all other defences, once

for all, and in the original suit, where the record shows the jurisdiction of the coµrt and an apparent right to render the judgment. This is the law in England, both before and after the act of 1882: 4 H. & N. 695; Moses v. Richardson, 8 B. & C. 421; Poole v. Canning, L. R. 2 C. P. 241; Dillon v. Cunningham, L. R. 8 Ex. 23. It is the same in New York, Smith v. Dunning, 61 N. Y. 249, and in Ohio, McCurdy v. Baughman, 19 Rep. 629. In Gilfry v. Saarbach, 34 L. I. 240, it was held by Judge THAYER, of the common pleas of Philadelphia, that the coverture of the defendant could not be pleaded to a judgment recorded in another state, not disclosing the coverture in the record, and his opinion involves the proposition that it could not be collaterally shown against an apparently valid judgment in our own courts.

" We have examined this question at great length, because it does not appear to have been decided in any case in Pennsylvania, while the language of the opinions in many cases might be regarded by the careless reader as covering the precise point here involved.

" Upon reason and authority, we think the law is with the defendants on the point reserved, and therefore let judgment be entered for the defendants non obstante veredicto."

*Error assigned* was the entry of judgment n. o. v., for the defendants on the points reserved, quoting them.

*W. W. Wilbur*, of *Wilbur & Schnur*, for appellant.—The statement on the record of the justice that the plaintiffs' claim was for " groceries for their family," discloses the coverture of Mrs. Breckwoldt: McKinney v. Brown, 130 Pa. 365.

Defendant Morris was one of the plaintiffs in the judgment against Mrs. Breckwold; he is, therefore, " cognizant of every fact and circumstance pertaining to his judgment and proceedings of sale:" Caldwell v. Walters, 18 Pa. 85.

The action being for trespass, judgment may be entered against Morris only, if Beardsley, the constable, is not liable.

*William E. Rice*, with him *Watson D. Hinckley*, for appellees.

PER CURIAM, May 23, 1892:

We think the learned judge below was right in entering judgment upon the reserved points in favor of the defendants.

There was nothing upon the record of the justice of the peace to show that the plaintiff was a married woman at the time the judgment against her was rendered. She did not appeal from that judgment, and, after the time limited for an appeal, the plaintiff in that suit issued an execution against the defendant (the plaintiff in this suit), and under it her personal property was levied upon and sold. Under these circumstances, the judgment of the justice, and the execution issued thereon, was a protection to the constable, and also to the plaintiffs in that suit. There is no analogy between this case and those cited in which the coverture appeared upon the record. The opinion of the learned judge below on the questions reserved is so clear and satisfactory that further comment is unnecessary.

Judgment affirmed.