## Watkins *v.* Justice (No. 2).

*Practice, Supreme Court—Appeals — Supersedeas — Appeal by corporation—Act of May 19, 1897, P. L. 67—Practice, C. P.*

Where a corporation appealing from the judgment of the Court of Common Pleas in a case where an appeal does not operate as a supersedeas, unless so directed by order of court, failed to present a petition for an order of supersedeas in accordance with the requirements of the rules of court and the Act of May 19, 1897, P. L. 67, the lower court did not err in striking the bond filed by appellant from the record and in dismissing appellant's rule to show cause why the appeal should not operate as a supersedeas.

Argued October 19, 1916. Appeal, No. 163, Oct. T., 1916, by Ellwood Lumber Company from decree of C. P. Allegheny Co., July T., 1915, No. 701, striking bond from record in case of C. B. Watkins, for use of the German Savings & Deposit Bank v. William M. Justice. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Rule by plaintiff to strike bond from record and rule by exceptant, the Ellwood Lumber Company, a creditor, to show cause why appeal should not operate as a supersedeas. Before DAVIS, J.

The opinion of the Supreme Court states the case.

The rules were argued together and the lower court made absolute that of the plaintiff to strike exceptant's bond from the record, and dismissed the rule to show cause why exceptant's appeal should not operate as a supersedeas. Exceptant appealed.

*Errors assigned* were in striking bond from the record and dismissing exceptant's rule.

*George W. Flowers,* for appellant.

*W. W. Stoner,* with him *W. H. Lemon,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

This appeal is by the appellant in the preceding case and from the action of the court below in striking from the record an appeal bond approved by the prothonotary. Upon the court dismissing the motion of appellant to appoint a commissioner to take testimony and also overruling exceptions of appellant to the sheriff's sale, exceptant appealed and filed a bond in the sum of one thousand dollars, which was approved by the prothonotary of the Court of Common Pleas. The use-plaintiff thereupon petitioned the court below to strike the bond from the record and on the same date appellant entered a rule to show cause why its appeal should not operate as a supersedeas. These rules were argued together and the former made absolute and the latter discharged. From these orders the Ellwood Lumber Company, exceptant, appeals.

The Act of May 19, 1897, P. L. 67, Section 12, provides that in certain cases mentioned and all other cases "not herein otherwise provided for," which includes the case

before us, an appeal "shall not operate as a supersedeas, unless ordered by the court below or the appellate court, or any judge thereof." Section 15 of the same act permits an appeal to be taken without security providing however that in such case it shall not operate as a supersedeas. This section also provides that its terms shall not apply to a corporation appealing on its own behalf, and unless bail be given to operate as a supersedeas its appeal shall be quashed. Section 5 of the act requires bail to be entered in the court from which the appeal is taken and Section 17 gives that court power to make "such orders as to right and justice shall belong relative to the security offered or entered, either as to approval thereof, addition thereto or substitution therefor." Under the above sections of the Act of 1897, and the Rules of Court, appellant was bound to present a petition for an order of supersedeas in accordance with the established practice set forth in the rules and not having done so the court acted within its power in making the order appealed from, and in directing the bond to be stricken off as not having been entered in compliance with law.

Judgment affirmed.