# Baughn v. Benson and Fine, Appellants (No. 2).

*Practice, C. P.—Appeals—Supersedeas—Failure to give bond.*

Where the defendants, in an action of trespass, appealed from the judgment of the court below, but failed to file a bond which would have rendered the appeal a supersedeas, the plaintiff and appellee had the right to issue execution and collect the amount of the judgment with costs in regular order.

Under the provisions of section 6 of the Act of May 19, 1897, P. L. 67, in order to have an appeal operate as a supersedeas the appellant must give a bond in double the amount of the judgment and the costs accrued or likely to accrue.

Argued December 17, 1920. Appeal, No. 305, Oct. T., 1920, by defendants, from order of C. P. No. 5, Phila. Co., Dec. T., 1918, No. 3833, discharging rule to show cause why sheriff should not pay into court certain money in his hands in the case of Charles W. Baughn v. Nathan Benson and Harry Fine. Before PORTER, HEN-

186, (1921).] Statement of Facts—Opinion of the Court.
DERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to show cause why money paid to sheriff should not be paid into court. Before MONAGHAN, J.

The opinion of the Superior Court states the case.

The court discharged the rule. Defendants appealed.

*Error assigned* was the order of the court.

*Bertram D. Rearick,* for appellants.

*Samuel Scoville, Jr.,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The plaintiff had obtained judgment against the defendants in an action of trespass. The judgment was one directing the payment of money and section 6 of the Act of May 19, 1897, P. L. 67, required that, in order that an appeal might operate as a supersedeas, the appellants should give bond in double the amount of the judgment and all costs accrued or likely to accrue. The defendants appealed from that judgment to this court without giving any bond whatever, in which appeal we have this day filed an opinion affirming the judgment of the court below. After the defendants had taken the appeal in the action of trespass, without giving bond, the plaintiff issued an execution on that judgment in the court below and the defendants, having paid to the sheriff the amount of the debt, interest and costs, presented a petition to the court below praying the court to make an order that the sheriff pay the money into court, pending the appeal to this court, upon which the court below granted a rule to show cause why the prayer of the petitioner should not be granted, which rule it subsequently discharged and from that order the defendants appeal. The appellants, when they appealed from the judgment in the action of trespass, having

failed to file the bond which would have rendered the appeal a supersedeas, the appellee had the right to issue execution in the court below and collect the amount of the judgment, with costs, in regular order: Smead v. Stuart, 194 Pa. 578. The court did not err in refusing to deprive the plaintiff of the fruits of the execution which had been regularly issued.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.