# Drabant, Appellant, *v.* Cure.

*Bankruptcy—Sale by trustee of goods of stranger—Officer of court—Reclamation—Supersedeas—Appeals—Nonsuit.*

1. Where the goods of a stranger are included among the goods of a bankrupt taken by the trustee, and the owner thereof institutes reclamation proceedings, she thereby submits herself to the jurisdiction of the federal court.

2. If, in such proceedings, the lower court decides against the claimant, and she takes an appeal without filing a bond or obtaining a supersedeas, and the goods are sold by the trustee under an order of court, before the decision of the lower court is reversed, the claimant, while entitled to the proceeds of the sale, loses the specific articles claimed.

3. If the claimant purchases such goods at the sale, and voluntarily accepts the proceeds without protest or further action, she cannot afterwards, in a suit against the trustee, recover more than she paid at the sale, inasmuch as she is in possession of the property taken from her.

4. Supersedeas operates only in favor of those who ask for and have done those things necessary to obtain it.

5. Courts should protect their officers in the execution of its orders and decrees.

6. A trustee in bankruptcy who sells goods under an order of court, is an officer of the court, and entitled to its protection.

Argued February 26, 1924. Appeal, No. 85, Jan. T., 1924, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1919, No. 645, refusing to take off nonsuit in case of Mary Drabant v. John W. Cure. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for wrongful sale of plaintiff's goods. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*J. Julius Levy,* of *Kaufman, Mattes & Levy,* for appellant.—If the court had granted a supersedeas, clearly the trustee would have had no right to sell. The fact that no stay was entered surely cannot have the effect or result of legalizing his act in selling her property as the property of someone else: Nagle v. Stroh, 4 Watts 124; Com. v. Van Dyke, 57 Pa. 34.

Claimant is not estopped from charging the trustee with liability because she has received and retained the proceeds of such sale: Ingram v. Hartz, 48 Pa. 380.

*John P. Kelly,* with him *H. D. Carey* and *J. E. Sickler,* for appellee, cited: Buck v. Colbath, 3 Wallace 334; Stafford v. Union Bank, 17 Howard 275.

Opinion by Mr. Justice Kephart, March 24, 1924:

Appellant sued a trustee in bankruptcy to recover the value of her chattels wrongfully seized and sold as the property of the bankrupt. When possession was taken by the trustee, reclamation proceedings were instituted; it was then incumbent on appellant to protect the claim throughout the litigation. The referee held the property to be that of the bankrupt; an appeal to the United States District Court followed, resulting, on January 31, 1918, in a decision adverse to appellant. It was there decreed "that the property be treated and disposed of by the trustee as the property of the bankrupt."

Later, on the 7th of February, 1918, a petition for an order of sale was presented by the trustee. The order was granted, the sale to take place February 23, 1918, or about a year after the adjudication in bankruptcy, and after possession had been taken by the trustee, reclamation proceedings having been begun in April, 1917. The expense of preserving the property, consisting of cows, calves, horses, colts and farm implements was great and steadily increasing; it became necessary for the trustee to act.

After the order to sell had been lifted, but before the day of sale, claimant appealed from the decree of the district court in the reclamation proceeding to the United States Circuit Court of Appeals. The trustee was not notified of this appeal until after the sale. No bond was filed, no supersedeas asked for or allowed, and no request made to suspend the order of sale by appellant; it was not disturbed.

No question of good faith in the conduct of the sale arises. A large number of persons were present, and some bid on the property; presumably the goods brought their market value. A return of sale was made and confirmed according to law.

Later, the circuit court of appeals reversed the decree of the district court in the reclamation proceedings, saying, "Finding, as we do, the good faith of the parties,

and that the change of possession the master held necessary would have defeated the fair and honest sale the parties had in view, we are of opinion the proceeds of the personal property should have been awarded Mrs. Mary Drabant, its owner. The decree below will therefore be reversed and the cause remitted for further proceedings in accordance with this opinion." See Drabant v. Cure, 251 Fed. 47, 49.

Just how the fact of an execution and a sale, taking place after the record had been removed to the circuit court, was made a part of that record, has not been shown. From the order, we must accept as part of the record in that court the fact of execution and sale; by it appellant is bound. So that we have, without objection from anyone, in a proceeding originally instituted to try title to certain personal property, which, in the course of the litigation, was sold, the parties and the court thereafter treating the contest as one over the distribution of the proceeds of that sale, title of course determining that question. This appellant, in that view of the case, was awarded, received and accepted the proceeds of sale, in addition to some costs and expenses incurred in connection therewith. Just here it may be stated her attorney bought all the property in for her at trustee's sale.

Notwithstanding this record and her acts, appellant now contends the trustee, when the appeal without stay or supersedeas was pending, sold the property at his peril, and is liable for the full and true value of the goods to be shown by witnesses, likening the instant proceeding to a similar one in state courts where the sheriff erroneously sells under a fieri facias.

The situations are not parallel. We first encounter the fact that appellant purchased at the bankruptcy sale her own property, and the money used for that purpose was refunded to her. Where a claimant is the purchaser, he cannot recover from the execution plaintiff more than was paid inasmuch as he is in possession of the property

taken from him: 18 Ency. of Plead. & Prac. 885; 2 R. C. L. 300; McCracken v. Paul, 65 Ark. 553, 47 S. W. 854, 67 Am. St. R. 648.

When the trustee took possession of the insolvent's property, as he was required to do under the law, he included a part of this appellant's chattels. She was a stranger to the proceeding, and the trustee had no legal right to include her chattels in those of the bankrupt. Appellant had many courses to pursue. She chose to institute reclamation proceedings, and thereby submitted herself to the jurisdiction of the federal court, as it related to the bankruptcy of John Kemara.

The referee decided against her, and the District Court sustained that decision. The order of sale here granted extended to the bankrupt's property and, so far as the trustee was concerned, it included that claimed by appellant. The matter adjudicated by the referee and the district court adversely to appellant was the title to that property. When the appeal was taken to the Circuit Court of Appeals it was incumbent on the claimant to surround it with all the protection accorded by law, otherwise she would lose the specific property involved. Had the appeal operated as a supersedeas, it would have stayed the hand of the officer as to the identical property. She chose not to perfect her appeal or secure the suspension of the referee's order, and, having submitted herself to the jurisdiction of the federal court, it must follow that the law incident to such submission attaches. Though successful in appeal, while she would not (and did not) lose the value of the property, but, through her neglect to protect herself, did lose the specific articles claimed in the reclamation proceedings.

It is not similar to a case where a sheriff, on a fi. fa. against a defendant, levies on the property of a stranger to the execution and sells. Here not only does defendant sell under a lawful order of court, but, by judicial direction, he sells property the title to which has been adjudicated by a court of competent jurisdiction to be in the

bankrupt; a contest had been waged in court over that property and the claimant did not take the necessary steps to protect the property in specie.

While the chattels were those of a stranger, unlike the ordinary execution, where such property is levied on and sold without any effort on the owner's part to maintain title, here claimant contested the seizure and submitted her case to an appropriate proceeding as provided by federal law, and is bound thereby. The facts are more analogous to our interpleader proceeding, where the contest is over the proceeds of the sale of the property which the officer had been directed to sell, or the case of perishable goods seized and ordered sold pending the determination of the title.

If the case is parallel to our fi. fa., of what avail would the Act of 1897 be if an execution may be executed only at the officer's peril where an appeal is not a supersedeas. Section 4 (p. 68) of the act fixes a time within which an appeal acts as a supersedeas, and the statute further fixes the conditions under which it will so operate. If, on a claim of property, the appeal is not perfected within the time fixed by law, the execution subsequently issued may be proceeded on without peril to the officer. The act would be meaningless if this were not so, for, if the contrary view be correct, an appeal may be taken any time within the six months, regardless of bond given, and if a sale on execution is had at the peril of the officer on reversal of the judgment thereafter, why the necessity of the three-week provision, or anything regarding supersedeas. The effect of acts being a "supersedeas" is to cause a suspension or stay of all proceeding, without which the cause goes forward normally.

Failure to perfect an appeal so that it would act as a supersedeas received very serious consideration in this court in Com. v. Hill, 185 Pa. 385. Hill had been convicted of murder of the first degree, and, on July 31, 1897, was sentenced to be hung. The governor fixed December 8th as the day of execution. On the morning of

that day counsel entered an appeal to this court, filing it in the proper office in Allegheny County. The sheriff of that county, advised by counsel there might be a question of the appeal's acting as a supersedeas, declined to proceed with the execution. The contention then came before this court as to the exact status of the appeal, of the sheriff and the governor with relation to defendant's execution. Commenting on the Act of 1897, we stated that it is the exclusive guide in all appeals of every kind, civil and criminal. Section 4 provides, "No appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken ......within three weeks from such entry." And it was held that the execution of the sentence of death was not superseded by an appeal taken later than three weeks from the date of sentence.

If the hand of an executing officer is not stayed by an unperfected appeal in proceedings involving life, the reason should be much stronger in a civil proceeding where an execution to recover money, or an order directing sale of property, has been issued and the party affected has not perfected the appeal as required by law.

If, as appellant argues, the officer sells at his peril and on reversal restitution of the full value of the property must be made good, what would happen in following Com. v. Hill, supra? As to return of specific articles, we refer to the dictum in Tarbox v. Hays, 6 Watts 398; 2 R. C. L. 291, 294, 295, 300; 18 Enc. of Pleading & Practice 881, 882: note 96 Am. St. Rep. 136. There is no definite announcement in our State as to what may be recovered on an order of restitution when lawfully made, or whether property in specie must be returned, and the decision of this case does not require it to be now made.

Section 1,000 of the Revised Statutes of the United States, section 1660, Vol. 3, U. S. Complied Statutes

(1916) 3320, provides, in relation to appeals from judgments or orders as here involved, that every judge issuing a writ of error shall take good and sufficient security that appellant shall prosecute his appeal, and if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas. Section 1007 also treats of the same subject.

A bond is necessary to prevent execution or preserve the claim of title to the specific thing; without the bond filed or supersedeas obtained, it was the duty of the officer to carry out the mandate of the court. Where an insufficient bond is taken, the appellate court will, by mandamus, direct the district judge to carry out its decree notwithstanding the appeal: Stafford v. Union Bank, 17 Howard 275, 15 Law. ed. 101. Supersedeas operates only in favor of those who ask for and have done those things necessary to obtain it. See 4 Foster's Federal Practice, Sixth Ed. (1922) 3820; also Ex parte French, 100 U. S. 1, 25 L. ed. 529.

The trustee was compelled to sell. It was in the nature of a judicial sale. See Kraft v. Otman, 239 Fed. 122. Courts should protect their officers in the execution of their orders and decrees, otherwise it would be impossible to attain an orderly administration of justice: 35 Cyc. 1737, 1742, 1743; Ashcraft v. Elliott, 18 Ky. Law. Rep. 934, 38 S. W. 1062; Beckley v. Boardman, 6 Conn. 372; Jones v. Hughes, 5 S. & R. 299; Breckwoldt v. Morris, 149 Pa. 291. Buck v. Colbath, 3 Wallace 334, 18 Law. ed. 257, describes two methods under which property may be seized by an officer of the court and sold. It was held in Carney v. Averill, 85 Atl. 494, that a trustee in bankruptcy is an officer of the court within the meaning of the first rule enunciated in Buck v. Colbath, supra, and so entitled to protection.

It would undoubtedly be a strange rule that would compel the district court to enforce its own judgment, at the same time punishing the court's officer for carrying the judgment into effect.

If appellant wished to retain the specific goods, it was her duty to cause the appeal to become a supersedeas. She knew of the sale and made no effort to avoid its effect, and, as later shown by her conduct, affirmed its legality, accepting in lieu thereof the money equivalent of the property.

The judgment of the district court was reversed. The appellate court made no order or restitution of specific articles as, under certain circumstances, it might have done, but directed that the proceeds of sale be turned over to this appellant. Without any protest or complaint she received this money. Under the law it may be this was all she was entitled to, but, as we have indicated, her voluntary act in accepting the money without protest or an effort to change the order of the court to conform to her proceedings or secure other relief, places her claim beyond redress. The money was accepted unconditionally.

When this case was here before (274 Pa. 180), we said (p. 185), "Whether or not the acceptance of the proceeds by her debars her from recovering the difference between the actual value of the property and the amount she received, we need not and do not now determine; necessarily the facts will be more fully developed at the trial, and possibly this will alter the entire status of the case on the point." When plaintiff attempted to prove her claim it disclosed facts not presented to us at our first hearing. Instead of the trustee acting "wholly without color of right and contrary to law, claiming to act under and by virtue of his election and qualification as trustee in the said bankruptcy proceedings," as averred in the statement, we find he acted under an order of court, on an adjudication of title, and that, in taking the appeal which is shown only by implication, she did so without any attempt to supersede or suspend the order.

The judgment of the court below is affirmed at cost of appellant.