Koenig *v.* Curran's Restaurant & Baking Co. et al.,
Appellants.

Argued October 4, 1935.

Before Keller, P. J.,
Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Philip Werner Amram,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*George T. Steeley,* with him *William A. Carr* and *Sidney L. Krauss,* for appellee.

Opinion by Rhodes, J., February 28, 1936:

We have before us two appeals by the garnishees against which judgments were entered by the court below on their answers to interrogatories. Both appeals arise from the same transaction and involve the same question. Both will be disposed of in this opinion.

The question involved is whether, under the facts presented, an appeal from the orders of the court below striking off a judgment and quashing the attachments execution issued thereon operated as a supersedeas against the garnishees.

There is no dispute as to the facts. On February 3, 1931, the plaintiff entered a judgment by confession against the defendants. On the same day writs of attachment sur judgment were issued, summoning the Pennsylvania Company for Insurances on Lives and Granting Annuities, and the Real Estate Land Title and Trust Company, as garnishees. On February 11, 1931, interrogatories to each of the garnishees were filed.

On February 17, 1931, an execution defendant (later amended to include all defendants) had issued a rule to show cause why the judgment entered against them should not be stricken off, and on the following day the same defendant (later defendants) had issued a rule to show cause why the writs of attachment sur judgment should not be quashed. Both of these rules were made absolute on July 3, 1931. The judgment was stricken off and the writs of attachment sur judgment quashed. Plaintiff filed exceptions, which the court allowed; and it directed "bond for appeal to be entered in the sum of $200." Certiorari from the Supreme Court was filed by the plaintiff with the prothonotary of the court of common pleas on July 23, 1931, and on the same day bond in the sum of $200 was filed. No notice of this appeal was given to the garnishees, although the execution defendants were notified. Garnishees were not made parties to the appeal.

The Supreme Court, on March 11, 1932, remitted the record and made the following order (Koenig v. Curran's Restaurant & Baking Co. et al., 306 Pa. 345, 352, 159 A. 553, 555): "Both of the orders of the court below are reversed, the judgment and attachments

execution are reinstated, and a procedendo is awarded."
The judgment was then opened at the instance of the
defendant; and the issues raised on the rule to open
the judgment were tried before a jury, which, on June
6, 1934, found a verdict in favor of the plaintiff and
against the defendants. Judgment was entered upon
this verdict on September 25, 1934.

It appeared from answers and supplemental answers,
given by the garnishees to the interrogatories, that the
Pennsylvania Company for Insurances on Lives and
Granting Annuities had on deposit, at the time the writ
of attachment execution was served, the sum of $984.94
in the account of Albert G. F. Curran, and the sum
of $51.20 in the account of Ray Curran. The other
garnishee, the Real Estate Land Title and Trust Com-
pany, had on deposit, when served with the writ of
attachment execution, the sum of $226.51 in the account
of David C. Clegg. The garnishees in their answers, in
addition to setting forth the various facts relating to
the striking off of the judgment and the quashing of
the writs and the taking of an appeal therefrom by
the plaintiff without notice to them, stated that the
balances standing to the credit of the various defend-
ants at the time the writs were first served on them in
February, 1931, had been paid out, due to the fact that
the attachments execution were quashed, and the ac-
counts closed prior to the reinstatement of the judg-
ment and the attachments execution by the order of
the Supreme Court. The garnishees claimed that they
were not liable to the plaintiff for the amounts due the
defendants at the time of the service of the writs of
attachment execution, since the appeal taken by the
plaintiff from the order quashing the attachments did
not operate as a supersedeas.

The plaintiff, on October 6, 1934, filed rules for judg-
ment against the garnishees for the amounts admitted
by their answers to have been due the defendants at the

time of the service of the writs of attachment execution. The court, on November 30, 1934, made the rules absolute against each of the garnishees, holding that the appeal taken by the plaintiff to the Supreme Court operated as a supersedeas and rendered illegal the action of the garnishees in paying out the money to the defendant depositors. From this action of the court below, the garnishees have appealed to this court.

The appellee contends that section 4, as amended, and section 6 of the Act of May 19, 1897, P. L. 67, (12 PS §§1136, 1138), control the instant case. The court below held that the appeal by the plaintiff (appellee) was taken and perfected within the time and in the manner required by section 4, as amended, and section 5 of the act (12 PS §§1136, 1137) for it to operate as a supersedeas against the garnishees, and that the garnishees improvidently allowed the money in defendants' accounts to pass out of their hands, and that judgment should be entered against each of the garnishees for the amounts admitted by them to have been held on February 3, 1931.

The Act of May 19, 1897, P. L. 67, as amended (12 PS §1133 et seq.), rules appeals of every kind on the question of supersedeas. Drabant v. Cure, 280 Pa. 181, 187, 124 A. 340, 342. It must be considered in its entirety, and not as if it were a series of disconnected enactments. Gilbert v. Lebanon Valley Street Railway Co., 303 Pa. 213, 215, 154 A. 302, 303.

The pertinent part of section 4 of the Act of May 19, 1897, P. L. 67, as amended (12 PS §1136), reads as follows: "No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court, unless taken within three calendar months from the entry of the order, judgment, or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless

taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry."

Section 4, as quoted supra, means that an appeal from an order, judgment, or decree shall not supersede an execution issued or distribution ordered, unless taken and perfected, and bail duly entered within three weeks from the entry of such order, judgment, or decree upon which such execution was issued, or by which such distribution was ordered. See Schlippert et al. v. Orth (No. 2), 75 Pa. Superior Ct. 575; Geha v. Baltimore Life Ins. Co., 110 Pa. Superior Ct. 242, 168 A. 527; Charak et al. v. John T. Porter Co., 288 Pa. 217, 135 A. 730; Commonwealth v. Hill, 185 Pa. 385, 39 A. 1055.

This section has no application to the facts in the case at bar, and the court below erred in so holding. The order quashing the attachments execution was not an order upon which an execution had been or could be issued or a distribution had been or could be ordered. This is also true of the order striking off the judgment.

Section 6 of the Act of 1897, P. L. 67 (12 PS §1138), to which appellee also refers as governing the case at bar, plainly has no application. The appeal to the Supreme Court by the appellee (plaintiff below) was not an appeal from an order, judgment, or decree directing the payment of money as provided in that section.

In the instant case, the appeal was from an order striking off a judgment and an order quashing the attachments execution issued thereon. The orders ended both until they were put on again or reinstated; they were not merely suspended by an appeal. No lien, as the result of the entry of the judgment, was preserved after the court's strike-off order, nor was any lien on the defendants' funds in the garnishees' possession continued after the attachments execution had been quashed. See Adams v. James L. Leeds Co. et al., 189 Pa. 544, 547, 42 A. 195, 196. Quashing the attachments execution released the attached deposits from such lien

as may have been created by the attachments. Without a supersedeas, defendants' deposits were then free and subject to such disposition as the relationship between the defendants and the garnishees permitted.

An attachment execution may be, in fact, an execution against the defendant therein; but as to the garnishee, it is a suit. See Kase v. Kase, 34 Pa. 128; Melnick B. & L. Assn. v. Melnick et al., 318 Pa. 120, 121, 178 A. 144. As to the garnishee, the attachment execution is an original process—a summons commanding it to appear and show cause, if any it has, why judgment in favor of the plaintiff should not be levied of the goods and effects of the defendants in its hands. Kennedy v. Agricultural Ins. Co. of Watertown, 165 Pa. 179, 183, 30 A. 724, 725; Aarons v. Public Service B. & L. Assn., 318 Pa. 113, 118, 178 A. 141, 143. See North Shore Railroad Company v. Pennsylvania Company, 70 Pa. Superior Ct. 405.

To have held the attached property in possession of the garnishees subject to the attachments execution, until the final determination of plaintiff's rights on appeal, required the appellee (plaintiff below) to cause the appeal from the order of the court below quashing the attachments execution to become a supersedeas against the garnishees. This was not done. The mere taking of the appeal did not act as a supersedeas, and there was no order making the appeal a supersedeas by the court below or the appellate court or any judge thereof, as provided by section 12 of the Act of May 19, 1897, P. L. 67, as amended by the Act of May 11, 1927, P. L. 972, No. 464, sec. 2 (12 PS §1149). See Commonwealth ex rel. v. Tweedy, 74 Pa. Superior Ct. 577; Watkins v. Justice (No. 2), 256 Pa. 42, 100 A. 489. As stated in the case of Drabant v. Cure, supra, 280 Pa. 181, page 188, 124 A. 340, page 342: "Supersedeas operates only in favor of those who ask for and have done those things necessary to obtain it." The appeal by the appellee

(plaintiff below) to the Supreme Court did not preserve the status quo ante. It could not operate as a supersedeas, because the proceedings were governed by section 12 of the Act of 1897, P. L. 67, as amended (12 PS §1149); hence the garnishees were within their legal rights in paying out the deposits which the defendants had with them.

The reversal of the court below by the Supreme Court (Koenig v. Curran's Restaurant & Baking Co. et al., 306 Pa. 345, 159 A. 553), and its order reinstating the judgment and attachments execution with a procedendo, reinstated the writs of attachment execution; but, there being no supersedeas ordered, either by general rule or special order, against the garnishees, the reinstatement was not as of the date of service of the writs of attachment execution on the garnishees.

There were two rules issued by the court below, one to strike off the judgment, and the other to quash the attachments execution. The court below made both absolute, from which orders the appeal was taken. But the garnishees were not made parties to the appeal, nor did they have any notice thereof. There was nothing to prevent them from disposing of the deposits of the defendants while they were discharged of such lien as the attachments execution created.

Assignments of error are sustained.

Judgment is reversed, and is here entered for the garnishees, the Pennsylvania Company for Insurances on Lives and Granting Annuities (No. 94, October Term, 1935), and the Real Estate Land Title and Trust Company (No. 95, October Term, 1935).