Wilkinson *v.* United Parcel Service of Pennsylvania, Inc., et al., Appellants (No. 2).

Argued April 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George H. Detweiler,* for appellants.

*David L. Ullman,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

The issue in this case is a narrow one. It arose subsequent to the entry of judgment in the court below against defendants on an award in favor of claimant on her own behalf and on behalf of three minor grandchildren. We have affirmed that judgment. *Wilkinson v. United Parcel Service of Pennsylvania, Inc., et al.,* 158 Pa. Superior Ct. 22, 43 A. 2d 408. The parties are the same in both cases, and the defendants are again the appellants. On April 6, 1944, judgment was entered

in the court below in favor of claimant for $8,736.22, after that court had affirmed the award made by the Workmen's Compensation Board. On May 1, 1944, appellants appealed to this court. On May 2, 1944, claimant's attorney filed an affidavit of default and computation of the amount of compensation then due and payable. An attachment sur judgment was then issued and served on May 3, 1944. On May 4, 1944, an appeal bond was filed by appellants in the office of the prothonotary of the court below in the amount of $17,742.24; and appellants on petition had issued a rule to show cause why the attachment sur judgment should not be dissolved. An answer was filed to the petition. The matter was argued on petition and answer, and on May 26, 1944, the rule was discharged. From this action of the court below appellants took this appeal, on June 7, 1944, and filed their bond in the amount of $11,000. The attachment was discontinued as to one garnishee, and all sums in possession of the other in excess of $5,250 were released. In view of our disposition of the appeal in *Wilkinson v. United Parcel Service of Pennsylvania, Inc., et al.,* supra, 158 Pa. Superior Ct. 22, 43 A. 2d 408, appellants will not be adversely affected by the attachment execution and by an affirmance in the present appeal.

The facts are not in dispute, and the question for determination is whether the appeal from the judgment entered on the award operated as a supersedeas. The court below in its opinion disposed of the issue as follows: "The bond was not filed until the 28th day after entry of judgment, a week beyond the date when it might have acted as a supersedeas. It follows that claimant may maintain [her] attachment." The court below will be affirmed.

We are of the opinion that the Act of May 19, 1897, P. L. 67, as amended, 12 PS § 1133 et seq., is comprehensive and applicable to the present case as it rules all appeals from money judgments on the question of super-

sedeas. *Drabant v. Cure*, 280 Pa. 181, 187, 124 A. 340; *Smead v. Stuart*, 194 Pa. 578, 579, 45 A. 343; *Koenig v. Curran's Restaurant & Baking Co. et al.*, 121 Pa. Superior Ct. 201, 205, 183 A. 451.

Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 PS § 1136, provides that all appeals to the Superior Court and Supreme Court from an order, judgment, or decree of any court of common pleas or orphans' court must be taken within three calendar months from the entry of the order, judgment, or decree appealed from, and that no appeal shall supersede an execution issued or distribution ordered, unless taken and perfected, and bail duly entered within three weeks from such entry. In other words, this section means that an appeal from an order, judgment, or decree shall not supersede an execution issued or distribution ordered, unless taken and perfected, and bail duly entered within three weeks from the entry of such order, judgment, or decree upon which such execution was issued, or by which such distribution was ordered. *Koenig v. Curran's Restaurant & Baking Co. et al.*, supra, 121 Pa. Superior Ct. 201, 206, 183 A. 451. Section 6 of the Act of 1897, 12 PS § 1138, follows and reads in part: "An appeal from an order, judgment or decree directing the payment of money shall operate as a supersedeas, if the appellant gives bond with sufficient surety or sureties in double the amount of said order, judgment or decree and all costs accrued and likely to accrue. . . ."

Appeals to this court in workmen's compensation cases are governed by section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as re-enacted and amended by the Act of May 27, 1943, P. L. 691, § 1, 77 PS § 901: "Any party may appeal to the Superior Court from the judgment of the court of common pleas or the county court of Allegheny County within thirty days after entry of said judgment, irrespective of the amount involved. Such appeal shall be taken and prosecuted in the same manner and form and

with the same effect as is provided in other cases of appeal to the Superior Court, and the record so certified shall contain all that was before the court of common pleas or the county court of Allegheny County, as the case may be." In this section no specific provision is made that an appeal shall act as a supersedeas. But such appeals are to be "taken and prosecuted in the same manner and form and with the same effect as is provided in other cases of appeal to the Superior Court." To ascertain when an appeal may operate as a supersedeas, reference must therefore be made to the relevant act—Act of May 19, 1897, P. L. 67, as amended, 12 PS § 1133 et seq. Section 22 of this act, 12 PS § 1161, significantly states: ". . . it being intended that this act shall apply to all appeals to the supreme court or superior court in any and every proceeding, and from any court whatsoever, and shall furnish a complete and exclusive system in itself on all appeals to such appellate courts." See *Com. ex rel. v. Schmidt et al.*, 287 Pa. 150, 156, 134 A. 478.

Under the Act of 1897 an appeal, in order to operate as a supersedeas, must be accompanied by a bond in double the amount of the judgment, and must have been taken and perfected within three weeks from the entry of such judgment, or before execution was issued. In the present case the appeal was not taken within three weeks from the entry of the judgment, and the requisite bond was not given until after three weeks and after execution had been issued and had been served, and the latter writ was not superseded. *Geha v. Baltimore Life Ins. Co.*, 110 Pa. Superior Ct. 242, 245, 168 A. 527. See, also, *Koenig v. Curran's Restaurant & Baking Co. et al.*, supra, 121 Pa. Superior Ct. 201, 206, 183 A. 451. Those cases where the appeal bond was entered before execution issued, even though more than twenty-one days after the entry of judgment, are not applicable.

We find nothing to distinguish a judgment entered by the court below on an award in a compensation case

from any other judgment directing the payment of money to which sections 4 and 6 of the act of 1897, 12 PS §§ 1136, 1138, are directly applicable. The act of 1897 was intended to classify and provide specially for every kind of appeal that can come to the Supreme Court or the Superior Court, and to fix with precision the conditions under which alone an appeal of any class shall be a supersedeas; and the first class, under section 6, 12 PS § 1138, orders, judgments, or decrees directing the payment of money, includes all judgments that are to be liquidated in money. *Smead v. Stuart,* supra, 194 Pa. 578, 579, 45 A. 343. A judgment entered by the court on an award in a compensation case is a judgment to be liquidated in money notwithstanding that the payment of some or all thereof may be in future installments. See section 427, Act of June 2, 1915, P. L. 736, as reënacted and amended, 77 PS § 878.

The right of appeal does not automatically carry with it the right of supersedeas. See *Charak et al. v. John T. Porter Co.,* 288 Pa. 217, 221, 135 A. 730. That an appeal may be taken within a certain time does not mean that it may become a supersedeas within an equivalent period. Supersedeas has been described (*Williams v. Bruffy,* 102 U. S. 248, 26 L. Ed. 135) as an auxiliary process designed to supersede the enforcement of the judgment of the court below, brought up by writ of error for review. Supersedeas operates only in favor of those who ask for it and have done those things necessary to obtain it. *Drabant v. Cure,* supra, 280 Pa. 181, 188, 124 A. 340.

Appellants refer to section 430 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 971, to sustain their theory that, an appeal to this court from a judgment of the court of common pleas being permissible within thirty days after entry of said judgment, the appeal would operate as a supersedeas if within thirty days appellants give bond with sufficient surety or sureties in double the amount

of the judgment and all costs accrued and likely to accrue. A mere reading of section 430, 77 PS § 971, is sufficient to show how utterly it is wanting in application to the facts in the present case. This section relates to appeals "from the award" not "from the judgment." It governs the practice on appeals from the board. It has nothing to do with appeals to this court. See, also, section 428 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended, 77 PS §§ 921, 931.

Order is affirmed.