Auto Express, Inc. Condemnation Case.

Argued September 17, 1965.    Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*Daniel H. Jenkins,* with him *Jenkins, Ligi and Dunn,* for appellant.

*James W. McNulty,* for appellee.

OPINION BY WATKINS, J., November 10, 1965:

This is an appeal by Auto Express, Inc. from an order of the Court of Common Pleas of Lackawanna County dismissing its Preliminary Objections to a Declaration of Taking in a condemnation proceeding by the Scranton Redevelopment Authority.

The appellant is resisting the condemnation of its land located in the 17th Ward of the City of Scranton. The Public Utility Commission by order dated March 29, 1965, granted approval to the Scranton Redevelopment Authority to condemn the property of the appellant, a certified carrier. This order was served on the appellant on April 2, 1965. On April 12, 1965, a resolution was adopted by the Authority for a Declaration of Taking. On April 14, 1965, the appellant filed a petition for reargument and/or rehearing with the Public Utility Commission. Argument on this petition was held but no decision made to this date. Then on April 15, 1965, the Authority filed its Declaration of Taking in the Court of Common Pleas. This was served on the appellant on April 19, 1965. The appellant then filed an appeal to the Superior Court from the Public Utility Commission's original order on April 27, 1965, and secured a supersedeas from this Court on May 7, 1965, which reads as follows: "And Now, May 7, 1965, it is ordered that the appeal taken in the within case shall operate as a supersedeas and all proceedings in the court below are stayed until the final disposition of this appeal. Per Curiam".

The appeal was quashed by this Court on May 28, 1965, and notice of this decision was received by the appellant on June 2, 1965. On June 2, 1965, the appel-

lant filed Preliminary Objections. These were dismissed by the court below on June 23, 1965, on the ground that their filing was untimely. This appeal followed on July 8, 1965.

The Authority contends that this appeal should be quashed as interlocutory. We do not agree. There is no question but that this appellant is out of court in its attempt to oppose the condemnation of its land if the order made by the court below stands. If its Preliminary Objections under the Code were timely filed it is entitled to be heard in opposition to the taking on the merits of its Preliminary Objections.

Under the Eminent Domain Code of 1964, Special Session June 22, P. L. 84, 26 PS (Pkt. Pts) §1-406, it is provided that Preliminary Objections may be filed within thirty days after being served with notice of the Declaration of Taking. It follows that if the supersedeas of this Court is ". . . designed to supersede the enforcement of the judgment of the court below . . .", then it must mean all proceedings, including the requirement that Preliminary Objections may be filed within thirty days. *Wilkinson v. United Parcel Service of Pennsylvania, Inc.*, 158 Pa. Superior Ct. 34, at page 39, 43 A. 2d 414 (1945).

The effect of the supersedeas was to keep the case in status quo and to hold in abeyance all action under the condemnation proceedings until the appeal to this Court was decided. At the time of the grant of the supersedeas May 7, 1965, the thirty-day period had not expired. The appellant filed its Preliminary Objections the day it received notice that its appeal had been quashed, to wit, June 2, 1965, so that, if the supersedeas was effective, it was well within the thirty-day requirement.

Another peculiar procedural aspect of this case is that the Public Utility Commission to this date has not disposed of the reargument. This record shows in the

motion to dismiss the Preliminary Objections that the Public Utility Commission directed ". . . oral argument to be held on June 22, 1965, limited to the question of whether the record in the above referred to public utility case should be opened and the Commission further directed that its action aforesaid shall not operate as a stay of its order of March 29, 1965."

So, although the matter of reargument before the Commission has never been decided, the Authority was permitted to go right ahead with its Declaration of Taking which triggered the appeal to this Court from the original order of the Commission.

The order is reversed and the case is remanded to the court below for hearing on the Declaration of Taking and the Preliminary Objections as provided in the Eminent Domain Code.