## Zion v. Pilch

*Howard S. Klein*, for plaintiff.
*Joyce Ullman*, for defendants.

DIGGINS, Sr., *J.*, November 13, 1978—The subject matter of this opinion is the result of a money judgment awarded plaintiff by Eckell, *J.*, sitting without a jury on October 13, 1977. Defendants' motions for a new trial were denied on October 24, 1977, and judgment for plaintiff entered on October 28, 1977. The entry of judgment set in motion repeated efforts by defense counsel to prevent execution on that award. Following the filing of new post trial motions which were denied on April 28, 1978, defendants filed their appeal to the Superior Court. The appeal was filed on May 24, 1978, while plaintiff issued a writ of garnishment to Bryn Mawr Trust on June 16, 1978. Defendant responded by filing a supersedeas on June 29, 1978, followed by a petition to strike attachment on July 14, 1978. On July 24, 1978, an order was issued by Wright, *J.*, dismissing defendants' petition. On September 1, 1978, defendants' petition and rule to enjoin plaintiff from proceeding with any and all execution procedures was granted. A hearing was held before this court on September 18, 1978, which necessitated the issuance of this opinion.

Although the petitions and briefs are somewhat lengthy, there is only one issue for disposition, to wit: Did defendants by filing the supersedeas on June 29, 1978, and a dissolution of attachment bond on July 25, 1978, effectively stay the execution procedures of plaintiff? This court concurs with the

decision of Wright, *J.*, that the filing of the supersedeas appeal bond does not operate retroactively to invalidate the writ of execution filed before the filing of the supersedeas bond. The supersedeas was filed after 30 days from the entry of the order appealed from had elapsed. Pa.R.A.P. 1735(a) states in part: "The filing of such appropriate security after the 30 day period shall stay only executions or distributions thereafter issued or ordered." Clearly then the filing of the supersedeas in this case will not stay the execution since it was issued before a supersedeas filed after the 30-day period.

The issue then becomes the effect of the filing of the dissolution attachment bond on July 25, 1978. It is clear to this court that this subsequent filing represents little more than an attempt by defendants to perfect the original supersedeas. Defendants cite no authority in support of their argument, choosing to rely solely on the following interpretation of Pa.R.A.P. 1735: "It would appear from the language of the above Rule, that, where the security is posted more than 30 days after the entry of the Order, this operates as a stay of any writ of execution which the Plaintiff attempts to issue after the entry of the security, and operates as a stay of any distribution resulting from any previous writ of execution or attachment execution which had been issued by the Plaintiff." (Defendants' brief, p. 7, 8)

This court rejects such a liberal interpretation of Rule 1735, choosing to rely on the decision of the Superior Court in Wilkinson v. United Parcel Service of Pennsylvania, 158 Pa. Superior Ct. 34, 39, 43 A. 2d 414 (1945). In that case, the court held, at 416: "Supersedeas has been described . . . as an auxiliary process designed to supersede the enforcement of the judgment of the court below, brought up by writ of error for review. Supersedeas

operates only in favor of those who ask for it and *have done those things necessary to obtain it."* (Emphasis supplied.) See also, Drabant v. Cure, 124 Atl. 340 (1924).

In the case at bar, it is of little consequence whether the party labels its bond "supersedeas" or "dissolution attachment bond"; if the party has not done the things necessary to obtain it, such bond will not act retroactively. This court therefore will not adopt the strained interpretation of Rule 1735 proffered by defendants and holds that the bonds filed by defendants, having been filed after the 30-day period contemplated by the rule, will not stay the prior issued writ of execution.

Accordingly, the court enters the following

## ORDER

And now, November 9, 1978, after hearing, defendants' petition to enjoin plaintiff from proceeding with any and all execution procedures is hereby dismissed.