## John Benscotter, Appellant, *v.* Clinton H. Long.

*Writ of restitution—Execution—Payment.*

Where the defendant in an action of trespass pays the amount of a judgment entered against him with interest and costs, after execution issued for the same, and subsequently succeeds in securing a reversal of the judgment, he is entitled to a writ of restitution to recover the money which he has paid to plaintiff.

Argued April 15, 1895. Appeal, No. 281, Jan. T., 1895, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1889, No. 870, awarding writ of restitution. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for illegal fishing. Rule for writ of restitution.

From the record it appeared that on Sept. 14, 1889, John Benscotter brought an action of trespass against Clinton H. Long for illegal fishing in plaintiff's pond. On Feb. 15, 1892, a ver-

dict was rendered for plaintiff for $100 damages. A rule for a new trial was discharged on June 25, 1892, and on June 27th judgment was entered on the verdict. On July 20, 1892, a fi. fa. was issued. On Aug. 10, 1892, certiorari was received and filed with certificate of prothonotary of Supreme Court that bail had been entered with two sureties in the sum of $500. No levy was ever made upon the fi. fa., but on August 12th, two days after the filing of the certiorari in the lower court, the defendant voluntarily paid the debt, interest and costs to the sheriff, which the sheriff paid to the plaintiff's attorney on September 12th. On Nov. 1, 1893, remittitur from the Supreme Court was filed, judgment reversed. On Oct. 30, 1893, a rule was granted upon plaintiff to show cause why writ of restitution should not be issued, which was made absolute on Jan. 8, 1895.

*Error assigned* was above order.

*Q. A. Gates,* for appellant.—The undisputed facts of this case show the payment of this judgment to have been a voluntary payment, and under all of the authorities the defendant cannot recover back what he has voluntarily paid: Bryan v. Comly, 2 Miles, 271; Adams v. Hindman, 2 Miles, 464; McDonald v. Gifford, 1 Brewster, 278; Patterson v. Juvenal, 1 T. & H. Prac. 688; act of June 16, 1836, P. L. 762; Peebles v. Pittsburg, 101 Pa. 304; Union Ins. Co. v. Allegheny, 101 Pa. 250; Dawson v. Ins. Co., 136 Pa. 62; R. R. v. Commissioners, 98 U. S. 541.

*Lyman H. Bennett,* for appellee, was not heard, but cited in his printed brief: Smith v. Sharp, 5 Watts, 292; Travelers Ins. Co. v. Heath, 95 Pa. 333.

PER CURIAM, April 29, 1895:

In an action of trespass for illegal fishing etc., brought against defendant, a verdict for $100 was rendered in favor of plaintiff on which judgment was entered June 27, 1892. On July 20, 1892, execution was issued for debt, interest and costs, amounting to $164.48, which sum was paid to the sheriff by defendant on August 12th, following. In the meantime, on Aug. 10, 1892,

defendant appealed from the judgment aforesaid, and his appeal was so prosecuted that on Nov. 1, 1893, the judgment was reversed by this court and the record remitted. Thereupon, at the instance of defendant, a rule was granted on the plaintiff to show cause why a writ of restitution should not be awarded against him for the above stated sum. That rule was made absolute and the writ awarded. Hence this appeal, in which the sole complaint is the decree awarding the writ.

In the circumstances disclosed by the record, the action of the court below was so manifestly just and proper that plaintiff should have recognized its correctness and complied with the mandate of the writ. There is no merit in his appeal, nor does it involve any question that requires discussion.

Decree affirmed and appeal dismissed with costs to be paid by appellant.