Whitesell & Sons to use of Frederick Maul *v.* Harry R. Peck, Edgar R. Phillips, W. J. Wallace and the Peck, Phillips & Wallace Co., Limited.

*Restitution—Writ of restitution—Appeal—Judgment.*

Pending an appeal from an order of the common pleas striking off the satisfaction of a judgment, the plaintiff in the judgment issued an execution, and the terre-tenant of the land was compelled to pay to the sheriff a large sum of money to prevent a sale of the land. The Supreme Court subsequently reversed the order striking off the satisfaction of the judgment. *Held*, that the terre-tenant was entitled to a writ of restitution.

Petition for writ of restitution. Oct. T., 1894, No. 238.

From the record it appeared that M. H. Stevenson, the petitioner, on November 26, 1892, purchased a one half interest in real estate in Pittsburg from Harry R. Peck. On the same day a judgment against the land was satisfied of record by Whitesell & Sons, the legal plaintiffs in the judgment and attorneys

of record for the use of Frederick Maul.   Subsequently the
court of common pleas, No. 3, of Allegheny County, on the
application of Maul ordered that the satisfaction of the judg-
ment should be stricken from the record.   Stevenson appealed
from the order and secured its reversal : See Stevenson's Appeal,
165 Pa. 571.   During the pendency of the appeal the plaintiff
issued an execution upon the judgment and made a levy upon
real estate of which M. H. Stevenson was terre-tenant, and he
was compelled to pay the sum of $757.26 in order to avoid a
sheriff's sale of his land.   Stevenson applied to the court below
for restitution, but that court in an opinion by PORTER, J.,
held that the case was entirely within the control of the Supreme
Court, and that the common pleas had no power to ingraft an
order of restitution upon the decree of the Supreme Court, cit-
ing Hughes' Appeal, 90 Pa. 60.

*M. H. Stevenson* and *S. Davis Page* for petitioner.—The fol-
lowing cases all show that the court below has full power to
order restitution and that it is their constant practice to do so :
Krepps v. Mitchell, 156 Pa. 322 ; Breading v. Blocher, 29 Pa.
347 ; McGee v. Fessler, 1 Pa. 131 ; Boas v. Updegrove, 5 Pa.
517 ; Ranck v. Becker, 13 S. & R. 41 ; Cooke v. Reinhart, 1
Rawle, 317 ; Harger v. Commissioners, 12 Pa. 255 ; Alden v. Lee,
1 Yeates, 160 ; Glenn v. Mickey, 130 Pa. 600 ; Johnson's App.,
18 W. N. C. 205.

An appeal for restitution applies to the legal discretion of the
court : Baker v. Smith, 4 Yeates, 192 ; Alden v. Lee, 1 Yeates,
160 ; Gould v. McFall, 118 Pa. 455 ; Cooke v. Reinhart, 1
Rawle, 317 ; Boals' App., 2 Rawle, 37.

*Bredin & Whitesell,* for Frederick Maul.—A court below can
not engraft on a decree of the Supreme Court an order of resti-
tution not contained in said decree : Hughes' App., 90 Pa. 60.

A writ of restitution however will not be awarded, when it is
against equity and justice : Gould v. McFall, 118 Pa. 455.

Restitution will not be granted on a bald legal right against
equity and justice : Grant v. Rodgers, 6 Phila. 132 ; Fitzalden
v. Lee, 2 Dallas, 205 ; McGee v. Fessler, 1 Pa. 131 ; Barr v.
Craig, 2 Dall. 151 ; Haldane v. Duche, 2 Dall. 176.

PER CURIAM, May 25, 1896 :

This is a proper case for restitution.   It might properly have been awarded by the court below, as the judgment was collected after the appeal to this court was taken and did not regularly appear as part of the record here.   Having been brought to our attention however by petition and motion, we now have no hesitation in saying that a writ of restitution should issue out of the court below.

The writ is awarded.