# Hanhauser *v.* Pennsylvania & New England Railroad Company, Appellant (No. 1).

*Appeals—Perfecting appeal—Bond—Motion to quash.*

Where an appeal has been entered and the writ of certiorari filed in the court below within six months of the date of the judgment or decree appealed from, and it appears that there has been no execution issued

or distribution ordered when the appeal was perfected, the fact that a bond was not entered until after the expiration of the six months, is no ground for quashing the appeal.

*Judgment—Opening judgment—Neglect of court to state reasons—Remitting the record.*

Where the court below sustains a demurrer to a petition to open a judgment, and discharges the rule to open, without giving any reasons therefor, several grounds of demurrer having been assigned, the appellate court will remit the record to the court below to state its reasons for its action.

Argued March 26, 1908.   Appeal, No. 390, Jan. T., 1907, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1887, No. 147, discharging rule to open judgment in case of George Hanhauser, Administrator of the Estate of James Clarke, deceased, v. Pennsylvania & New England Railroad Company.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Record remitted.

Rule to open judgment.

The appellee moved to quash the appeal for the following reasons :

1.  Because the discharge of the rule taken to open judgment was entered by the court below on July 3, 1907, and the certiorari from the supreme court was not brought into the prothonotary's office until December 18, 1907, and the appeal bond not filed until February 28, 1908.

2.  Because, by the provisions of the Act of May 19, 1897, P. L. 67, entitled : " An Act regulating the practice, bail, costs and fees on appeals to the Supreme Court and Superior Court," it is provided in section 15, as follows :

" Section 15.  Appeals may be taken from any sentence, order, judgment or decree without security in any proceeding, where by law the same is or may be allowed, but in such cases the appeal shall not operate as a supersedeas, except when a county, township or municipal corporation, or anyone suing or defending in a representative capacity, is the appellant ; or when the appeal is from a judgment entered in favor of the commonwealth upon an account settled by the auditor general and state treasurer, and a bond with approved security has already been given, as required by law, or in any other case

where a bond with approved security has already been entered in the court from which the appeal is taken, conditioned as herein provided for such appeal; in which cases the appeal shall operate as a supersedeas without security, and except also, that in all other cases where a corporation, other than a county, township or municipal corporation, appeals on its own behalf, such appeal shall be quashed, unless bail is given to operate as a supersedeas as by this act required."

And by section 4, it is provided as follows:

" Section 4. No appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry."

And the said corporation, appellant, has not entered bond within twenty-one days from the entry of the order, judgment or decree of the court below in accordance with the provisions of the act of assembly so cited.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.*, with him *Wm. Y. C. Anderson* and *Wm. Jay Turner*, for appellant, cited against the motion to quash: McDonald v. Gifford, 6 Phila. 315 ; Com. v. Conway, 8 Pa. Dist. Rep. 319 ; Means v. Trout, 16 S. & R. 349 ; Adams v. Null, 5 W. & S. 363 ; Koenig v. Bauer, 57 Pa. 168.

·*Chester N. Farr, Jr.*, with him *William C. Mayne* and *William A. Glasgow, Jr.*, for appellee.

OPINION BY MR. JUSTICE BROWN, October 5, 1908 :

The judgment which the court below refused to open was against five terre-tenants, to whose rights, franchises, property and assets the appellant succeeded. The order discharging the rule to open the judgment was made July 3, 1907, and the certiorari sur this appeal was filed in the court below December 18, 1907, within six calendar months from the discharge of the rule. After six months had expired from the refusal to open the judgment the appellant filed its bond on this ap-

peal. · We cannot tell from the printed docket entries when it was approved by the court below, and counsel do not agree as to the date. In the motion to quash it is given as February 28, 1908, while in the answer thereto counsel for appellant fix it as March 2, 1908. But without regard to the date of the filing and approval of the bond, it was given on an appeal taken within time and approved. No time is fixed by the act of 1897 within which such a bond must be given and approved to operate as a supersedeas, except that it must be given within three weeks of the entry of a judgment or decree to supersede " an execution issued or distribution ordered." The question on this motion to quash is not whether the approval of the bond superseded any process in the hands of the sheriff at the time it was approved, but whether it was given to operate as a supersedeas. It is on file for the protection of the appellee in the form prescribed by · the statute, and it manifestly was approved, that it might operate as a supersedeas. The motion to quash is, therefore, overruled.

The petition of the appellant to have the judgment opened was in the nature of a bill in equity and was an appeal to the chancery power of the court: O'Hara v. Baum, 82 Pa. 416; Humphrey v. Tozier, 154 Pa. 410; Hall v. West Chester Publishing Company, 180 Pa. 561; Lawrence v. Smith, 215 Pa. 534. The appellee demurred to it on eight grounds. Whether the court below considered them all good, or some good and others bad, we do not know. All that we have from it is, " Demurrer to petition sustained. Rule to, open judgment discharged." The demurrer was filed on January 23, 1907, and there was ample time for an intelligent disposition of it. To this we are entitled. We sit as a court of review of what has been done by a court below, and in equity proceedings our review and correction are not confined to the decree alone, but extend to the induction or reasoning of · the chancellor: Sproull's Appeal, 71 Pa. 137. In this case several important questions were raised by the demurrer. It was the plain duty of the court below to pass upon them, or, at least, to state the ground or grounds upon which the demurrer was sustained, instead of sending the record to us for our consideration and disposition, in the first instance, of the questions raised by the pleadings. This court is created for no such purpose and very

few judges in the courts below seem to think otherwise. We return the record to the common pleas, that there may be made part of it the reasons for dismissing appellant's petition. When so sent back to us this appeal will be disposed of.

Record remitted.