upon the part of the plaintiff and it is not necessary to discuss in detail the numerous assignments of error.

The judgment is affirmed.

---

## Ponthus, Appellant, *v.* Ponthus.

*Divorce — Alimony pendente lite — Continuance of payments pending appeal.*

Where in a divorce proceeding the court has entered a decree directing the husband to pay alimony pendente lite, and upon a decree in favor of the husband the wife takes an appeal, the payment of the alimony will continue until the case has been finally disposed of on the appeal.

Argued Oct. 18, 1917.  Appeal, No. 214, Oct. T., 1917, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., March T., 1915, No. 628, directing payment of alimony in case of George Ponthus v. Isabelle Ponthus.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Libel for divorce.

Petition for attachment.

From the record it appeared that the court made an order upon the libellant to pay to the respondent alimony at the rate of $5 per week pendente lite.  Payments were duly made until February 28, 1916, when a decree in divorce was entered in favor of the husband.  The wife took an appeal, and on March 16, 1917, the decree of the lower court was affirmed.  The respondent then filed a petition for an attachment to compel the payment of the alimony during the time that the appeal was pending.

The court made the following order:

"And now, this 8th day of June, 1917, the court grants the petition of the respondent in the above-entitled matter, and orders the libellant to pay the sum of $275 ali-

40      PONTHUS, Appellant, v. PONTHUS.

mony from February 28, 1916, the date on which the
final rule in divorce was made absolute, to March 16,
1917, the date the Superior Court, as of October Term,
1916, No. 221, affirmed the decree of the Court of Com-
mon Pleas No. 1."

*Error assigned* was the order of the court.

*Sydney Young,* for appellant.—The libellant com-
plied with the order of court to pay alimony pendente
lite: Newman v. Newman, 69 Ill. 167; Cralle v. Cralle,
81 Va. 773; Kamp v. Kamp, 59 N. Y. 212; Downey v.
Downey, 98 Alabama 373; Wilde v. Wilde, 2 Nevada
306; Wood v. Wood, 7 Lansing Rep. 204.

The Court of Common Pleas had no authority at a
subsequent term of court to revise a decree entered at a
previous term of court: O'Donnell v. Franigan, 9 Pa.
Superior Ct. 136; Dean v. Munhall, 11 Pa. Superior Ct.
69.

*David R. Griffith, Jr.,* for appellee, cited: Quelin v.
Quelin, 1 D. R. 677; McNeil, 19 Pa. C. R. 93; Dipple v.
Dipple, 32 Pa C. C. R. 492; Power's App., 120 Pa. 320;
Fernald v. Fernald, 5 Pa. Superior Ct. 629; Rieder v.
Rieder, 21 Pa. Superior Ct. 488; Heilbron v. Heilbron,
158 Pa. 297.

OPINION BY PORTER, J., July 10, 1918:

During the pendency of this proceeding in divorce in
the court below, the court made an order upon the libel-
lant, the husband, to pay to the respondent five dollars
per week during the pendency of the proceeding.   Some
months after this order was made, a master having been
appointed and testimony taken during the interval, the
court below entered a decree granting the husband a di-
vorce from the bonds of matrimony.   The respondent
appealed to this court and we affirmed the decision of the
court below, that decision being reported in 66 Pa. Su-

perior Ct. 257.   After the record was returned to the court below, the respondent obtained a rule on the libellant to show cause why an attachment should not issue for his arrest for failure to comply with the order of the court to pay alimony pendente lite, down to the time of the affirmance of the decree by this court, which rule, after hearing, the court below made absolute.   The libellant appeals from that order.

It has been the uniform practice to allow a wife destitute of a separate estate, who is either suing or defending a case of divorce, such reasonable sum as the circumstances warrant to maintain her and meet the expenses of carrying on or defending the action.   She cannot sue in forma pauperis, for she is not a pauper if she is the wife of a man who has property.   The rule is necessary, otherwise she might be denied justice for want of the funds required for the vindication of her rights.   The rule is so well established that it is not necessary for us to further attempt to vindicate its justice: Groves's App., 68 Pa. 143; Powers' App., 120 Pa. 320.   Whether the marital contract shall be severed is a very grave question, not alone to the parties, but to the State, for the social structure rests upon it.   It has not been the policy of the people of Pennsylvania to facilitate the procuring of divorces and when a wife is made a respondent in such an action the courts have always inclined to require the husband to provide the funds for her maintenance and expenses, during the pendency of the action, when she has no means of her own and the husband is able to make such provision.   The time during which alimony pendente lite may be required by the order to be paid is limited to the pendency of the suit: Heilbron v. Heilbron, 158 Pa. 297.   When the Court of Common Pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below.   The parties are still husband and wife, and the action remains pending.   There does not seem to be any valid

reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal.   It may be within the power of this court, while the record is here, to strike down an order of the court below for the payment of alimony pendente lite, but that question is not here involved, and upon it we express no opinion.

This action was pending in the court below at the time the order for the payment of five dollars per week for the maintenance of the wife was made.   The plain meaning of the order was that the amount should be paid so long as the cause was undetermined, and the cause was not finally determined until the appeal was disposed of by this court.   In view of the nature of the jurisdiction which the court exercised and the reasons from which it derives its existence, we are of opinion that it had authority to make the order, as made, and that under its terms the appellant was required to pay alimony pendente lite so long as the action was pending.   This precise question does not seem to have been decided by an appellate court of Pennsylvania, but it was discussed in a very satisfactory manner by Judge Stowe in McNeil v. McNeil, 19 Pa. C. C. R. 93, and the same conclusion was reached by the court of appeals of New York in Beadleston v. Beadleston, 103 N. Y. 402.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.