## Schlippert et al. *v.* Orth, Appellant (No. 2).

*Practice, C. P.—Judgments—Execution—Stay—Appeal to Superior Court—Procedure.*

An application to stay a writ of execution on a judgment, is properly refused, where an appeal had .been taken to the Superior Court more than three weeks after the entry of the judgment. An appeal to the Superior Court will not have the effect of superseding the execution duly issued in the court below, unless taken and perfected and bail entered in the manner prescribed, within three weeks from the date of the entry of the judgment.

Argued November 8, 1920. Appeal, No. 138, Oct. T., 1920, by defendant, from judgment of C. P. Berks County, Jan. T., 1920, No. 1, discharging rule to show cause why execution should not be stayed in the case of Robert Schlippert and Louise M. Schlippert, a minor, by

her next friend and father, Robert Schlippert, v. Walter S. Orth. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to show cause why execution should not be stayed. Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*William Kerper Stevens,* and with him *Ralph H. Mengel,* for appellant.

*H. P. Keiser,* for appellee.

OPINION BY HEAD, J., March 5, 1921:

The question raised by this appeal grows out of what transpired subsequently to the entry of judgment in the case between the same parties in the appeal at No. 12, October Term, 1920, in which we have this day filed an opinion.

Judgment was entered 6th November, 1919. December 1, 1919, at 10:34 a. m. a writ of fi. fa. sur judgment was lodged with the sheriff, who made a levy on the personal property of the defendant at 1:30 p. m. of the same day. On December 2, 1919, at 9:55 a. m. the defendant's real estate was levied upon by the sheriff. On December 1, 1919, the defendant filed his appeal to the Superior Court, together with the bond required by the statute. The writ of certiorari from this court was filed in the court below on the 3d of December, 1919. Was it the effect of that appeal, as the record then stood, to stay the writ of execution which had issued on December 1st? The provisions of the Act of 19th of May, 1897, P. L. 67, furnish a conclusive answer to that question. Section 2 of the act provides: "When an appeal has been

entered the prothonotary of the appellate court shall issue a writ, in the nature of a writ of certiorari, directed to the court from which the appeal is taken, requiring said court to send to the appellate court for review the record in the cause or matter wherein is entered the sentence, order, judgment or decree appealed from......
and no appeal shall be considered perfected until such writ be filed in the court below." The language quoted leaves no room for any discussion as to the time when the appeal was perfected. That date was undeniably December 3, 1919. Now section 4 of the same act already quoted declares in terms when an appeal to the Superior Court shall have the effect of superseding an execution upon a judgment duly issued in the court below: "Nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry [of the judgment]."

With the record in the condition we have stated, and the language of the statute confronting us, we can reach no other conclusion than that the plaintiff had acquired the right to pursue his writ and that the learned court below committed no reversible error when he refused to make the order staying the same.

The appeal is dismissed at the costs of the appellant.