## Charak et al. v. John T. Porter Co., Appellant.

*Appeals—Supersedeas—Execution — Restitution — Moot case — Acts of May 19, 1897, P. L. 67, and March 12, 1925, P. L. 32.*

1. The phrase in section 4 of the Act of May 19, 1897, P. L. 67, as amended by the Act of March 12, 1925, P. L. 32, "nor shall an appeal supersede an execution issued......unless taken and perfected within three weeks from [the] entry [of judgment]," means that the appeal must be perfected within the three weeks limit, or before the execution is issued.

2. Filing a bond in the court below at the time the præcipe is filed in the appellate court, or any time before filing the writ in the court below, is not perfecting the appeal within the. meaning of the act.

3. Where an execution is issued prior to the day the writ is thus filed, it is valid if after three weeks from the date of judgment.

4. Where an appeal has been entered within three months with bond filed and approved by law, it supersedes an execution issued thereafter.

5. Notwithstanding the execution, the statute gives an unquestioned right of appeal within three months though it may not operate as a supersedeas.

6. Under such circumstances, if an appellant is compelled to pay the judgment, and later is successful in his appeal, an order of restitution will be made to carry out the judgment of the court.

7. The appellee cannot claim that the payment of the judgment renders the case moot in the appellate court.

Submitted November 24, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 1, Jan. T., 1927, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1923, No. 835, on verdict for plaintiffs, in case of Walter S. Charak et al. v. John T. Porter Co.   Affirmed.

Assumpsit for goods sold and delivered.   Before NEWCOMB, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiffs for $2,700.   Defendant appealed.

*Errors assigned* were various rulings and instructions, and refusing to stay execution, quoting record.

*S. B. Price, C. B. Price* and *J. H. Price,* for appellant.

*R. L. Levy,* for appellees.

OPINION BY MR. JUSTICE KEPHART, January 3, 1927:

Plaintiffs sued on a written contract under which appellant was given the exclusive right in certain counties to sell goods manufactured by it. Payment for the goods purchased was to be made in thirty days, and plaintiffs were to aid in reselling the goods. Defendant refused to pay for the first order, and asserted its right to do so on the ground that plaintiffs, at the time the written contract was made, verbally agreed the goods purchased by defendant would be resold within thirty days by defendant with the assistance of plaintiffs. Since only a very small part of the order had been resold at the end of that period, appellant argues that plaintiffs may not recover the price of the order.

The court below having admitted evidence to sustain defendant's contention, charged the jury specifically on the real question involved,—whether or not such oral understanding existed. The issue was presented clearly and fairly. We need not discuss the admissibility of this evidence to vary the terms of the written contract (see Gianni v. Russell & Co., Inc., 281 Pa. 320), since the jury found against such oral understanding.

Defendant insists that the letter of April 13th should be considered as conclusive. We cannot agree to this, as it was merely helpful to the parties to the contract, aiding them to sell the goods. The only question of any moment presented is whether the appeal in this case should act as a supersedeas.

Plaintiffs entered judgment on the verdict November 27, 1925. On December 21st, twenty-four days later, defendant filed an appeal with the prothonotary of the Supreme Court, and also filed in the court below a bond in due form, approved by one of the judges. Later in the day, plaintiffs, who had received notice of the appeal, issued a writ of fi. fa. Four days after this, on December 27th, appellant filed in the court below the writ received from this court which had been dated December 22d. He then moved to stay the fi. fa. This the court

below refused, to which action exception was taken. Defendant thereupon, under duress of the execution, paid to the sheriff the amount of the judgment, who in turn handed it over to plaintiff. Appellees now claim the questions involved in the appeal are moot. In this they are wrong, as is appellant with respect to the effect of his appeal.

Section 4 of the Act of May 19, 1897, P. L. 67, as amended by the Act of March 12, 1925, P. L. 32, provides that "No appeal shall be allowed in any case unless taken within three calendar months from the entry of the......judgment......appealed from, nor shall an appeal supersede an execution issued......, unless taken and perfected within three weeks from such entry." Under section 2, "no appeal shall be considered perfected until such writ [of certiorari] be filed in the court below."

Appellant's contention is that when he filed the appeal bond in the court below, at the same time the præcipe for an appeal was filed in the appellate court, the requirement of the act was satisfied, and his appeal stayed any writ issued thereafter, since section 4 applies only when an execution has been issued before the appeal is taken. The phrase "nor shall an appeal supersede an execution issued......unless taken and perfected within three weeks from [the] entry [of judgment]" means that the appeal must be perfected within the three weeks limit, or before the execution is issued: Schlippert v. Orth (No. 2), 75 Pa. Superior Ct. 575. Filing a bond in the court below at the time the præcipe is filed in this court, or any time before filing the writ in the court below, is not perfecting the appeal within the act. Where an execution is issued prior to the day the writ is thus filed, it is valid if after three weeks from the date of judgment. Where an appeal has been entered within six [three] months with bond filed and approved as provided by law, it supersedes an execution issued thereafter: Hanhauser v. Pennsylvania & New England

R. R. Co. (No. 1), 222 Pa. 240, 243. Notwithstanding the execution the statute gives an unquestioned right to appeal within three months though it may not operate as a supersedeas. Under such circumstances, if an appellant is compelled to pay the judgment, and later is successful in his appeal, an order of restitution will be made to carry out the judgment of the court. See Drabant v. Cure, 280 Pa. 181, 189.

All the assignments of error have been considered and they are overruled. The judgment of the court below is affirmed.