## Commonwealth v. Dietrich.

*A. D. Knittle*, for Commonwealth; *E. W. Downey*, for defendant.

HICKS, J., Oct. 15, 1928.—On Jan. 9, 1924, in the above stated case, this court entered an order directing the defendant to pay to the prosecutrix, Nellie Dietrich, his wife, the sum of $30 per month for her support, with which order the defendant faithfully complied until six months prior to July 23,

1928, since which time he has wholly failed to comply with this order. On July 23, 1928, this court entered a decree divorcing the said parties upon the suit of the defendant herein, John Dietrich, from Nellie Dietrich, on the grounds of wilful and malicious desertion, from which judgment of divorce Nellie Dietrich, the respondent in the divorce proceeding and the prosecutrix in this proceeding, appealed to the Superior Court on July 30, 1928.

On June 4, 1928, upon the petition of Nellie Dietrich, a rule was issued directed to the defendant to show cause why he should not be adjudged in contempt for failing to obey the order of this court for the payment of her support, and on Sept. 17, 1928, a petition was presented by the defendant, upon which a rule was issued directed to Nellie Dietrich to show cause why the order of court directing him to pay to his wife the sum of $30 a month for her support should not be vacated or modified. The basis for this rule, as alleged in the petition, was the entry by this court of a decree of absolute divorce against Nellie Dietrich upon the grounds of wilful and malicious desertion without reasonable cause and the inability of the defendant to comply with the order of the court. Testimony was taken upon both rules.

When this case was originally heard on Jan. 9, 1924, and an order was made by this court upon the defendant to pay his wife, Nellie Dietrich, the sum of $30 monthly and to enter his own recognizance for $200, that was an adjudication by this court of the necessity for maintenance within the statute and cannot now be questioned on an application for the modification or vacation of the order, unless conditions have changed in the income of the respondent or in the marital status of the parties since the making of the said order: Com. v. Knobloch, 89 Pa. Superior Ct. 216. Neither in the petition for the modification of the order nor in the testimony is there any showing that the income of the husband has decreased. The testimony shows that he averages between $155 and $160 a month, and we do not consider $30 a month excessive as support to be paid his wife.

In passing upon the question whether the marital status of the parties has changed since July 23, 1928, when this court entered a decree of absolute divorce, the effect of the appeal to the Superior Court by Nellie Dietrich, the wife, from the entry of the decree, must be considered and is of controlling importance. The judgment of this court divorcing the parties did not end the litigation and did not change the marital status of the parties, because it did not finally dispose of the question, since an appeal was taken to the Superior Court, and until final disposition of this suit, the reciprocal obligations of the parties as husband and wife continue to remain as before the institution of the divorce proceedings.

"When the Court of Common Pleas has entered a decree of divorce, an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below. The parties are still husband and wife and the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of merely because the court below has entered a decree which has been absolutely superseded by the appeal:" Ponthus v. Ponthus, 70 Pa. Superior Ct. 39.

Until final disposition of the divorce action, therefore, the defendant must obey the order of the court entered in the non-support proceeding. The testimony is uncontradicted that the defendant, John Dietrich, is in arrears since Jan. 22, 1928. These arrearages must be paid and the order complied with until the marriage relationship is dissolved or circumstances, now not shown, persuade this court that the order should be modified.

The rule heretofore issued to show cause why the order of this court, entered on Jan. 9, 1924, in this proceeding should not be modified or vacated is hereby discharged and the defendant is directed to pay to his wife, Nellie Dietrich, the arrearages within sixty days from this date, and to regularly monthly comply with the order of the court to pay her $30 a month, upon failure to do which, an attachment will issue.

From M. M. Burke, Shenandoah, Pa.