## Commonwealth v. Pierpoint

*Stewart Nase*, for Commonwealth.

*Larzelere & Wright* and *William F. Dannehower, Jr.*, for defendant.

KNIGHT, J., April 29, 1932.—On June 20, 1925, this court made an order, requiring the defendant to pay his wife the sum of $50 a week for her maintenance and support. This was the beginning of long and bitterly contested litigation between husband and wife. Many attachments have been issued, and last year the order was reduced to the sum of $10 per week.

In March of 1926, the defendant filed a libel in divorce, charging his wife with adultery. This civil action met with strenuous opposition, but finally this court, declining the recommendation of the master, entered a final decree, divorcing the defendant from his wife, who then appealed to the Superior Court, where the case is now pending [since affirmed, Pierpoint v. Pierpoint, 108 Pa. Superior Co. 108].

On February 16th of this year, the defendant presented his petition to this court, praying that the support order of June 20, 1925, be vacated. On this petition a rule was granted and an answer filed. The petition sets forth the various legal proceedings, and further avers that the defendant has no property, owes $8500 to others, is earning but $27.50 per week, and is unable to comply with the order of the court. The answer denies that the defendant has lost his property, and demands proof of the other averments of fact in the petition, except the averments as to the records of this and the divorce case, which are admitted. The answer further sets forth affirmatively the destitute circumstances of the wife and that the libellant is now $310 in arrears on the support order.

There is nothing in this record which would move us to revoke the support order, unless it be the decree in divorce entered by this tribunal and which has been appealed to the Superior Court.

The authorities in this state are uniform in holding that alimony pendente lite goes on pending an appeal taken by the wife until final disposition of the case: Ponthus v. Ponthus, 70 Pa. Superior Ct. 39; Middleton v. Middleton, 19 Pa. C. C. 353. The same rule has been applied to support orders: Com. v. Dietrich, 11 D. & C. 483; Com. v. Kissinger, 4 D. & C. 109. In the latter case, Mr. Justice Maxey, then a judge of the Court of Quarter Sessions of Lackawanna County, well said:

"We think the correct view of the situation is that the Common Pleas judgment of divorce is suspended. As in a criminal case, when an appeal operating as a *supersedeas* is taken, the judgment of the court below cannot be carried out, and the legal rights of the parties affected remain practically as they were before judgment was rendered."

Counsel for the defendant concedes that the parties are still husband and wife, but he argues that the finding of this court that the respondent is an adultress requires us to relieve the libellant from further obligation to support an unfaithful wife. The difficulty with this position is that the appeal suspends this finding as well as the decree that is based upon it.

In Ponthus v. Ponthus, supra, the husband was granted a divorce and the wife appealed. During the pendency of the action in the lower court an order was made for the payment of alimony pendente lite. The judgment of the lower court granting the divorce was affirmed; whereupon the wife presented her petition for an attachment to compel the husband to pay alimony which accrued while the case was pending in the appellate court. The attachment was issued, and affirming this action the Superior Court, by Porter, J., said: "When the Court of Common Pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below."

No case has been cited by the libellant in support of his contention, but, on the contrary, authority and reason dictate that the following order be made:

And now, April 29, 1932, the rule is discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.