Geha v. Baltimore Life Insurance Co., Appellant.

Submitted April 19, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Percy Allen Rose*, and with him *Niles, Barton, Morrow & Yost*, for appellant.

*John M. Bennett* of *Weimer & Bennett*, for appellee.

OPINION BY PARKER, J., October 2, 1933:

The questions raised by this appeal grow out of proceedings subsequent to the entry of judgment in the case between the same parties in the appeal at 110 Pa. Superior Ct. 236.

Judgment was entered May 5, 1932. Within four days from the entry of the judgment, the plaintiff caused a writ of fi. fa. to be issued on the judgment. No further proceedings were had upon this execution until June 6, 1932, when the plaintiff stayed the writ, filed a praecipe for an alias fi. fa., and instructed the

sheriff to withhold action on the writ until further notice. On July 25, the defendant took an appeal to this court from the entry of the judgment, filed a bond which was properly approved, and lodged the certiorari from the Superior Court in the office of the prothonotary of the court below on July 27, 1932, giving counsel for the plaintiff immediate notice of the appeal. On August 17, 1932, the plaintiff directed the sheriff to proceed with the execution on the writ of alias fi. fa. and caused an attachment execution to issue on the judgment, summoning St. Francis College of Loretto as garnishee. On August 29, 1932, a petition was presented to the court below for a rule to show cause why the execution should not be stayed and the appeal to the Superior Court should not operate as a supersedeas. That court, after argument, discharged the rule.

Did the appeal stay the alias writ of fi. fa. and prevent the issuing of the attachment execution? These questions were answered by the Supreme Court in the case of Charak v. Porter Co., 288 Pa. 217, 135 A. 730, and by this court in Schlippert v. Orth, 75 Pa. Superior Ct. 575. In the first of these cases, the Supreme Court said (p. 220): "Filing a bond in the court below at the time the praecipe is filed in this court, or at any time before filing the writ in the court below, is not perfecting the appeal within the act [Act of May 19, 1897, P. L. 67, as amended by Act of May 11, 1927, P. L. 972; 12 PS 1136]. Where an execution is issued prior to the day the writ is thus filed, it is valid if after three weeks from the date of judgment. Where an appeal has been entered within six [three] months with bond filed and approved as provided by law, it supersedes an execution issued thereafter: Hanhauser v. Pennsylvania & New England R. R. Co. (No. 1), 222 Pa. 240, 243. Notwithstanding the execution the statute gives an unquestioned right to appeal within three months though it may not operate

as a supersedeas. Under such circumstances, if an appellant is compelled to pay the judgment, and later is successful in his appeal, an order of restitution will be made to carry out the judgment of the court. See Drabant v. Cure, 280 Pa. 181, 189.'' The alias fi. fa. having issued prior to the perfecting of the appeal from the entry of the judgment, that writ was not superseded. But when the appeal was perfected it was a supersedeas as to an execution issued subsequently, and the writ of attachment execution should not have issued. The mere fact that the sheriff was not advised to proceed with the execution until after the appeal was presented does not affect the result. It is true that one may not hold a lien by virtue of an execution to the detriment of other creditors, but this does not mean that the writ is void. The plain words of the Act of 1897, as amended by the Act of 1927, make the issuing of the writ the basis of the provision that an appeal shall not act as a supersedeas. Those cases in which a different conclusion was arrived at and which have been referred to by counsel have no application, for they involved the construction of a different statute.

The court below committed no error in disposing of this rule but as the judgment has been reversed, the execution process necessarily falls with it.