## Commonwealth v. Huston

*Timothy J. Mahoney*, for petitioner.
*Burton R. Laub*, for respondent.

HIRT, P. J., October 20, 1937.—This case is here on defendant's rule to terminate a support order as of October 9, 1936.

On January 29, 1936, on a charge of desertion and nonsupport, this court made an order on the defendant to

pay his wife $10 each week for her support. The defendant complied with this order by payment in accordance therewith until October 9, 1936. Meanwhile, defendant, as libellant, brought his action in divorce and the issues were tried by a jury, resulting in a verdict in favor of the libellant on October 9, 1936. Thereafter, motions for a new trial and for judgment n. o. v. were overruled and judgment was entered on the verdict. On May 19, 1937, this court entered a final decree in divorce in favor of the above defendant. On June 10, 1937, the respondent in the divorce case took an appeal to the Superior Court and this appeal is now pending.

Appeals in actions of divorce are not governed by the Act of May 11, 1927, P. L. 972. Such appeal must operate as a supersedeas immediately upon the filing of the appeal because of the status of the parties and the nature of the issues involved. In the case of Ponthus v. Ponthus, 70 Pa. Superior Ct. 39, all of the questions raised here are disposed of. It is there held: "When the Court of Common Pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below. The parties are still husband and wife, and the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal." The fact that in that case the court was dealing with the question of alimony pendente lite is unimportant; the same principles apply to a support order made in quarter sessions. At least two lower courts have similarly held: Commonwealth v. Pierpoint, 18 D. & C. 122; Commonwealth v. Dietrich, 11 D. & C. 483.

Now, to wit, October 20, 1937, the rule granted July 26, 1937, on defendant's petition to terminate the order of January 29, 1936, nunc pro tunc, is discharged.