## Commonwealth ex rel. v. Clark

*Paul A. Kunkel*, for plaintiff.
*Herbert O. Schaeffer*, for defendant.

HARGEST, P. J., March 3, 1947.—This case comes before us upon a rule for attachment and a petition to increase an order of maintenance.

On July 16, 1945, defendant presented a petition to modify an order of $14 a week made for his wife, which, on August 13, 1945, was reduced to $10 a week. The parties were divorced in this court to no. 4, March term, 1944, by a decree dated January 30, 1946. But an appeal was taken therefrom. On August 19, 1946, a petition for an attachment averring

that defendant was in arrears for $300 was presented, which was answered by contending that the order of support ceased operation as of January 30, 1946, and defendant admitted making no payments after March 8, 1946.

A petition to increase the order was filed October 27, 1946, which averred that petitioner had fractured her hip and sustained other injuries May 28, 1946, and has since been unable to work and is dependent upon a daughter and son-in-law for support, and that defendant is earning $200 per month. The latter fact is admitted in an answer to this petition, and the fact that she has fractured her hip and is unable to work is not denied.

The questions before us are whether, under the present state of the record: (1) This order of maintenance ceased when this court decreed the divorce, and (2) whether an attachment should issue.

In Heilbron v. Heilbron, 158 Pa. 297, 301, the court, in passing upon the decree of divorce and an order of alimony, in some way not made clear in the report, interjected the proceeding in the quarter sessions, and said:

"The decree made was also erroneous in another respect which must have been an oversight of the learned court below. It ordered alimony to be paid at the rate of six dollars a week 'until the further order of the court.' For this there was no warrant. The respondent's petition was for alimony pendente lite, and the order of the court should have been limmited to the pendency of the suit. With the decree dismissing the libel the order for alimony should have terminated.

"The existence of an order of the quarter sessions requiring libellant to pay six dollars a week for the support of his wife, did not prevent the court of common pleas from decreeing alimony pendente lite. On

the contrary, the superior or rather the more general jurisdiction on this subject is in the divorce court. It may decree such sum as the circumstances call for, to be commensurate with the position and financial ability of the parties. The quarter sessions on the other hand is limited to the prevention of the wife becoming a charge on the public. Both orders may run concurrently during the pendency of the proceedings, *but when the common pleas has awarded a divorce, with or without alimony, the jurisdiction of the quarter sessions will be at an end."* (Italics supplied.)

The italicized clause, which appears to be purely dictum, because the order of the quarter sessions was not before the court, seems to have been followed in Byrd v. Byrd, 15 D. & C. 607, and cases therein cited.

But the case of Heilbron v. Heilbron, supra, so far as it has been quoted in the appellate courts, is to the proposition that if there were an order for alimony pendente lite, and also an order for support in the quarter sessions, "that action would not have deprived the court below of jurisdiction to prevent the wife becoming a public charge, *both orders might have run concurrently during the pendency of the proceedings:* Heilbron v. Heilbron, 158 Pa. 297, 301." See Commonwealth v. MacMaster, 88 Pa. Superior Ct. 37, 39.

However, we see no difficulty in the instant case. There has been an appeal from our decree in divorce, and that appeal is a supersedeas.

In Ponthus v. Ponthus, 70 Pa. Superior Ct. 39, it is held:

"Where in a divorce proceeding the court has entered a decree directing the husband to pay alimony pendente lite, and upon a decree in favor of the husband the wife takes an appeal, the payment of the alimony will continue until the case has been finally disposed of on the appeal."

In Commonwealth v. Scholl, 156 Pa. Superior Ct. 136, 138, quoting verbatim from Ponthus v. Ponthus, supra, the court said:

" 'When the court of common pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, *suspends for all purposes the operation of the decree of the court below.* The parties are still husband and wife, and the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal.' " (Italics supplied.)

In Commonwealth v. Huston, 31 D. & C. 167, Hirt, P. J., held:

"A husband's petition to revoke a support order, upon the ground that he has obtained a verdict in divorce, will be refused where the wife has taken an appeal which is still pending."

It therefore follows that if the appeal supersedes an order of alimony made in the divorce proceeding itself, it certainly cannot have the effect of reaching over into another court, namely, the court of quarter sessions, and invalidating an order made there. We think further discussion is unnecessary.

Defendant took the law into his own hands. When an appeal from the divorce action was taken he refused to make any further payments in compliance with the order of court. His wife is wholly dependent upon the daughter and son-in-law because of serious injuries, and under the circumstances, since he admits to be earning $200 a month, we think the order should be restored to $14 a week from August 27, 1946, the day when the petition therefor was filed. We will not, however, grant an immediate attachment.

And now, March 3, 1947, the petition to increase the order for support from $10 a week to $14 a week, beginning August 27, 1946, is hereby sustained; and defendant is hereby directed to pay the arrearages to his wife in the sum of $10 a week up to August 27, 1946, and at the rate of $14 a week thereafter; the payment in arrears to be made within 30 days from this date. Defendant to pay the costs.