## Marra *v.* Marra, Appellant.

Argued November 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (WOODSIDE, J., absent).

*John B. Nicklas, Jr.,* with him *McCrady & Nicklas,* for appellant.

*Wm. J. Graham,* with him *Clyde P. Bailey,* for appellee.

OPINION BY ROSS, J., April 11, 1955:

Daniel A. Marra appeals from the lower court's refusal to allow him restitution, by way of a credit against future permanent alimony, for monies paid to his wife in excess of the one-third statutory limit fixed by this Court in his prior appeal, *Marra v. Marra,* 170 Pa. Superior Ct. 588, 88 A. 2d 112.

On March 28, 1951 the Allegheny County Court granted a limited divorce to Aida N. Marra, appellee, and awarded her $300 a month permanent alimony. On appeal we reduced this award to $160 a month to conform to the statutory maximum limit of one-third of the husband's annual profit or income. Section

47 of the Act of 1929, 23 PS sec. 47. No formal supersedeas was applied for by appellant, and for 13 months during the pendency of that appeal he paid $300 a month alimony to his wife. When our decision reducing the alimony was handed down, the appellant petitioned the Allegheny County Court praying for a further reduction in the alimony and for a credit of $1,820 ($140 "overpayment" a month for 13 months) against future alimony. The lower court discharged his petition and rule and he appealed. We are not concerned with the refusal to reduce the alimony since appellant has abandoned that point in his appeal.

Thus the only matter before us is the refusal to allow restitution of the "overpayment" by way of a credit against future alimony. The problem appears to be one of first impression in this jurisdiction, although we have analogous situations presented by two lines of cases: those which allow restitution of money judgments paid during the pendency of a successful appeal, and those which refuse restitution of money paid as alimony pendente lite.

In the first group we find such decisions as *Benscotter v. Long,* 167 Pa. 595, 31 A. 863; *Whitesell & Sons v. Peck,* 176 Pa. 170, 35 A. 48, and *Charak v. John T. Porter Co.,* 288 Pa. 217, 135 A. 730, wherein writs of restitution were allowed for the recovery of money judgments paid during the pendency of an appeal which ultimately resulted in the judgment being reversed. Appellant contends that the instant case is governed by these. With this we cannot agree. A careful study of these cases discloses that there is involved in each an element of coercion. In each, the judgment creditor issued execution on the judgment while the appeal was pending and the debtor was thus forced to pay to save his property. There is no such element of coercion in the present situation.

In the second group of cases we find *Lynn v. Lynn,* 68 Pa. Superior Ct. 324, 327; *Gould v. Gould,* 95 Pa. Superior Ct. 387, 388, and *Rutherford v. Rutherford,* 152 Pa. Superior Ct. 517, 526, 32 A. 2d 921, where the rule is stated: "In so far as the money to be paid under such an order [alimony pendente lite] is involved, the order is final; if the respondent pays it he can never recover it back." Appellant urges that these cases are distinguishable because they involve merely alimony pendente lite, an interlocutory decree. With this we cannot agree. The holdings in the cases above are not based on this feature of the decree. Alimony pendente lite and permanent alimony are both matters within the discretion of the lower court. In the case of alimony pendente lite, we have held that this exercise of discretion will be reversed only if it is abused, and we have set as the test that the decree will be disturbed only if the amount awarded "substantially exceeds" one-third of the husband's income. *Gould v. Gould,* supra. So too, permanent alimony is within the discretion of the lower court with a statutory maximum limit of one-third of the husband's income. In the case of alimony pendente lite, we have held (*Lynn v. Lynn* and *Gould v. Gould,* supra) that even where we reduce the amount of alimony because it was "substantially" more than one-third of the husband's income, the husband cannot recover amounts paid under the original order. Should the rule be different where permanent alimony is involved? We think not. They are practically identical situations while an appeal is pending, differing in little other than name. To hold otherwise would be to traverse upon the firm policy of the law favoring the adequate maintenance of the wife during a separation caused by the husband or his conduct.

Appellant also urges that since the appeal of the divorce decree suspended the operation of the decree of the court below (*Ponthus v. Ponthus,* 70 Pa. Superior Ct. 39, 40; *Upperman v. Upperman,* 119 Pa. Superior Ct. 341, 350, 181 A. 252), he was not bound to pay the $300 a month and hence his "overpayment" was "illegal". This contention is without merit. We have held in *Ponthus v. Ponthus,* supra, that where the lower court has entered a decree in a divorce proceeding in *favor* of the plaintiff-husband, the payment of the alimony pendente lite will continue until the appeal is disposed of. We cannot here hold that where the lower court decree is *against* the husband, he is relieved of the duty to pay alimony while the appeal is pending. The overriding principle is that the wife must be maintained during the litigation.

Order affirmed.