## Sizgorich v. DeVal Corporation

*Jerrold V. Moss*, for plaintiffs.

*Jacob S. Richman*, for defendant.

BARBIERI, J., July 22, 1969.—Before the court are petitions and rules to show cause why attachments sur judgment should not be dissolved and judgments against a garnishee vacated. The two judgments involved were entered on March 25, 1969, after which damages were assessed and writs of attachment were issued against Provident National Bank as garnishee on April 9, 1969. On April 16, 1969, certiorari was issued on appeals to the Superior Court by defendant, DeVal Corporation, with notice of the appeals, and acceptances of service by the judge in the court below filed on the same date. It is admitted by plaintiffs, however, that the appeals were

lodged on April 14, 1969; that a supersedeas bond was filed on April 15, 1969, which latter date is on the twenty-first day after entry of the judgments appealed from. Defendant concedes that the lodging of the writs of certiorari with the common pleas court did not take place until April 16, 1969, 22 days after entry of the judgments. If it was necessary for the certioraris to have been lodged with the prothonotary of the common pleas court on or before April 15, 1969, when the supersedeas bonds were filed, each of the execution proceedings which took place against the garnishee after that date would have been permissible for lack of a valid supersedeas; and, accordingly, relief from payment of defendant's funds to plaintiffs in satisfaction of judgments entered against the garnishee on April 29, 1969, would have to be refused. When we realize that such a harsh result would be solely based upon a failure in the incidental and ministerial detail of moving a piece of paper down two stories, from the Superior Court Prothonotary's office on the fourth floor of Philadelphia City Hall to the common pleas prothonotary on the second floor, it seems justifiable to this court to inquire whether the appeal act which has been on the statute books of this Commonwealth since 1897, the Act of May 19, 1897, P. L. 67, 12 PS §1133, was really intended by the legislature to produce the result which plaintiffs herein urge upon us.

Plaintiffs invoke the supersedeas provisions in sections 2 and 4 of the act. In inverse order, we will refer to the pertinent language in these sections.

Section 4:

"No appeal shall be allowed in any case . . . unless taken within three calendar months from the entry of the . . . judgment . . . appealed from, *nor shall an appeal supersede an execution issued . . . unless taken*

*and perfected within three weeks from such entry."* (Italics supplied.)

Section 2, referring to the appeal writ of certiorari, provides that:

". . . no appeal shall be considered perfected until such writ be filed in the court below."

Plaintiffs' conclusion is neat and simple: the appeals were not "perfected" within three weeks, so no supersedeas. Granting that this contention is sound and that the *appeals* were not perfected within three weeks, does this mean that there is also no supersedeas of any kind, even though the substantive support for the supersedeas stay had been supplied, (the posting of the bonds)? Under such circumstances, while the appeal may not have been perfected on April 15, 1969, can it be denied that for all practical and substantive purposes the *supersedeas* had been *perfected* on that date? Certainly, since no prejudice can be demonstrated by reason of the one day delay, we fail to discern any basis for construing that the legislature has ordained the forfeiture of supersedeas which plaintiffs urge us to sanction. Indeed, we find no decided case in which the supersedeas has been denied when the bond has been filed, as in this case, within the statutory period of three weeks, and where the "perfecting" of the appeal, the detail in this case of passing the paper from the fourth floor to the second floor of city hall, has taken place before the appellee has taken the kind of action which a valid supersedeas would prevent.

Happily for defendant, support for a supersedeas stay in this case is found in the case of Geha v. Baltimore Life Insurance Co., 110 Pa. Superior Ct. 242 (1933). In that case the judgment was entered on May 5, 1932. An execution writ was immediately issued and then stayed. An alias writ was then issued, with instructions to the sheriff to withhold action on

the writ until further notice. Appeal was taken thereafter on July 25th and a supersedeas bond was filed on July 27, 1932. On August 17, 1932, the sheriff was instructed to carry on with the execution, whereupon an attachment execution writ was issued and served upon a garnishee. Defendant petitioned to stay the execution contending that an appeal supersedeas had been perfected. The Superior Court agreed, stating:

"The alias fi. fa. having issued prior to the perfecting of the appeal from the entry of the judgment, that writ was not superseded. But when the appeal was perfected it was a supersedeas as to an execution issued subsequently, and the writ of attachment execution should not have issued."

Accordingly, a stay will be ordered in each case. In so doing it should be noted that defendant's theory that the delay of one day should not be charged against defendant because it resulted from counsel's reliance upon advices of a court official, has not been considered.

### ORDER

And now, July 22, 1969, it is ordered:

(a) that the judgment entered on April 29, 1969, in favor of plaintiff, Edmond J. Carreras, against Provident National Bank, garnishee, in the sum of $5,903, is stricken;

(b) that the judgment entered on April 29, 1969, in favor of plaintiff, Samuel Sizgorich, against Provident National Bank, garnishee, in the sum of $6,446, is stricken;

(c) that all further proceedings against the garnishee, Provident National Bank, at October term, 1967, nos. 833 and 1248, are stayed upon supersedeas until disposition of appeals now pending therein before the Superior Court.