Savo *v.* Savo, Appellant.

172

Argued November 18, 1975. Before WATKINS, P.J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent).

*Milton D. Rosenberg*, with him *W. Bryan Pizzi, II*, and *Bloom, Bloom, Rosenberg & Bloom*, for appellant.

*Sanford S. Finder*, submitted a brief for appellee.

Opinion by Price, J., March 29, 1976:

This is an appeal from an order of support which directed the appellee-husband to pay the monthly allotments and arrearages into a court fund, rather than to appellant-wife, pending the outcome of a suit in divorce. The lower court's order impounding the funds until the merits of the divorce suit were determined was clearly erroneous.

The relevant facts are that on November 29, 1971, an order for alimony *pendente lite* was entered. On November 21, 1972, that order was terminated, and in its place, the lower court entered an order of support.[1] Appellee paid the support payments regularly until June of 1974. In January of 1975, appellant filed a rule to show cause why her husband should not be held in contempt for failure to pay support. As a result of that rule, the lower court held a hearing, following which the amount of arrearages was assessed. In addition, the court ordered Mr. Savo to continue making monthly support payments. However, rather than ordering Mr. Savo to pay the arrearages and monthly support payments to his wife, the court ordered the money to be paid to the Clerk of Courts of Washington County, to be held in the impoundage fund until the merits of a pending divorce suit would be finally determined. Under the court's order, if the divorce was denied, the money would be paid to his wife. If the husband was granted the divorce, he would have the money returned to him.

Such a procedure is not to be sanctioned. The duty to support one's dependents either exists at the time the complaint for support is filed, or it does not. It cannot be held in limbo pending the outcome of another action. To permit support payments to be returned to the plaintiff-husband, who is the successful party in divorce, has two negative effects: (1) it creates a restitution of the support

---

1. The amount of support was decreased from $225 to $192 per month on December 12, 1974.

monies in violation of this court's opinion in *Marra v. Marra*, 178 Pa. Superior Ct. 102, 113 A.2d 320, *aff'd*, 383 Pa. 227, 118 A.2d 204 (1955); and (2) it encourages those seeking divorces not to fulfill their obligations of support pending the divorce decree.[2] Moreover, there is no statutory authority which permits the procedure of creating an escrow account in support cases.

We hold that when, at a support hearing, the husband contests the obligation to pay support on the grounds that his spouse has engaged in conduct which entitles him to a divorce, as in this case, the lower court must determine *at the support hearing* whether the husband has made out a *prima facie* case. If so, no support should be ordered. If not, as in this case, the obligation to pay support must be determined, the amount assessed, and the payments begun. See the Act of Dec. 6, 1972, P.L. 1365, No. 291, §§24, 30, 31 (62 P.S. §§2043-26, 2043-32, 2043-33). In the instant case, the lower court failed to find that the circumstances mitigated Mr. Savo's obligation to support his wife. Therefore, he should have been ordered to pay the arrearages and his monthly payments to his wife until such time as the divorce was decreed.

We, therefore, reverse the order of May 5, 1975, and remand the case with directions to pay the funds in the impoundage account, including all arrearages and monthly support payments, to Mrs. Savo until such time as the decree in divorce is made final, dealt with in a companion appeal, *Savo v. Savo*, 238 Pa. Superior Ct. 725, 356 A.2d 807 (1976).

HOFFMAN and SPAETH, JJ., concur in the result.

---

2. It should be noted that this court has previously determined that the obligation of support continues, even in those cases wherein the plaintiff-husband is granted the divorce, until the decree is finalized at the termination of all appeals. *Ponthus v. Ponthus*, 70 Pa. Superior Ct. 39 (1918).

Van der Voort, J., dissents.

Jacobs, J., did not participate in the consideration or decision of this case.